# American Manufacturing Company to use, Appellant, *v.* S. Morgan Smith Company.

*Practice, C. P.—Pleading—Security for costs—Rule to plead.*

A direction included in a rule on a nonresident plaintiff to give security for costs "that pending the giving of such security, all proceedings in the case be stayed, and that the defendant be not required to plead," merely suspends the operation of the rule to plead until the rule for security is disposed of. When the rule for security is satisfied, the stay of proceedings during its pendency expires, and the effect of the rule to plead is restored as fully as if it had not been suspended. The residue of the time stipulated in the rule begins to run when satisfaction of the rule for security is entered of record, irrespective of endorsements relative to filing; and at its expiration the defendant is required to plead or suffer a default. Neither a new rule nor a reinstatement of the pending rule is necessary, nor is the defendant entitled to fresh notice. In such a case the plaintiff's right to judgment upon defendant's default is not affected by an alleged oral agreement or understanding between counsel where such oral agreement is questioned.

*Practice, C. P.—Pleading—Statement of claim—Acts of March* 21, 1806, *sec. 5, P. L.* 558, *and May* 25, 1887, *sec. 3, P. L.* 271.

In an action of assumpsit a statement of claim is sufficient which sets forth a sale and delivery by the plaintiff to the defendant at a given date of a certain quantity of merchandise, at a specified price, payable at a fixed time, the performance of a certain service upon the defendant's agreement to pay the expense thereof, with the date of performance, and the expense incurred, and the whole amount the plaintiff believes is justly due him from the defendant.

It is not necessary to state whether a contract declared on is oral or written, even though the law requires it to be in writing; and a statement of its terms is sufficient to show whether the defendant's promise was express or implied.

*Practice, C. P.—Pleading—Venue—Default.*

Where a judgment has been entered by default for want of a plea, the defendant cannot on a rule to strike off the judgment allege that the statement of claim was insufficient because it did not lay a venue. In such a case the omission is cured by the default.

In a transitory action such as for goods sold and delivered, or for services rendered, it is not necessary to lay a venue in the statement of claim.

*Practice, C. P.—Statement of claim—Title of equitable plaintiff.*

Where a suit is brought by one person to the use of another, it is unnecessary to show in the statement of claim the title of the equitable plaintiff, or to indicate his interest otherwise than by marking the suit to his use. The right to recover is founded on the claim of the legal plaintiff, and whether this right remains in him or has passed to an assignee is imma-

terial. The cause is to be tried without relation to an equitable plaintiff, unless an issue is raised between such plaintiff and the defendant; as when a defense is set up which, while good against the legal plaintiff, cannot be made against the equitable plaintiff, or the defendant alleges a defense or a counterclaim against the latter which would not avail against the former.

Submitted March 15, 1904. Appeal, No. 15, March T., 1904, by plaintiff, from order of C. P. York Co., Jan. T., 1903, No. 58, making absolute rule to strike off judgment in case of The American Manufacturing Company to use of John V. Doniphan v. S. Morgan Smith Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to strike off judgment.

From the record it appeared that on January 22, 1903, a rule to plead on fifteen days' notice was entered and served. On February 2, 1903, a rule was granted against the nonresident plaintiff to enter security for costs. In granting this rule the court directed " that pending the giving of such security all proceedings in the above case be stayed, and that defendant be not required to plead." On February 19, 1903, security for costs was entered, without notice to defendant. On October 30, 1903, judgment was entered for want of a plea.

Plaintiff's statement was as follows:

The plaintiff, the American Manufacturing Company, a corporation of the city and state of New York, claims of the S. Morgan Smith Company, a corporation of York, Pennsylvania, the sum of $549.25, and lawful interest thereon at the rate of six per cent per annum, from January 24, 1899, and $27.56, with lawful interest thereon at the same rate, from January 16, 1899, in all $576.81, with interest as aforesaid, all of which plaintiff avers to be justly due and payable to it by the defendant, upon the cause of action of which the following is a statement:

The plaintiff, on or about November 25, 1898, at the special instance and request of the defendant, and by agreement with it, sold and delivered to the defendant two coils, or 3,580 linear feet, of Manila transmission rope, $1\frac{3}{4}$ inches in diameter and weighing 4,225 pounds, at the rate of thirteen cents per pound,

amounting to $549.25, which became due and payable, under the terms of said sale, sixty days after November 25, 1898, the same having been shipped to the defendant on said last mentioned date, in accordance with its directions, to Watertown, New York.

At the special instance and request of the defendant, and upon agreement between it and the plaintiff, the plaintiff, between the time of the sale and delivery of said rope as aforesaid, and January 16, 1899, sent one Barney Stoltz, an employee of the plaintiff, to Watertown, New York, to put said rope on a drive installed there by the defendant for the New York Air Brake Company, the defendant having agreed to pay the expense of this service in addition to the price of the rope. Said Stoltz put said rope on the drive as aforesaid, and the expense incurred thereby was $27.56.

On October 14, 1902, the American Manufacturing Company, above named, sold, assigned and transferred unto John V. Doniphan, use plaintiff above named, all its claim against the defendant for all the indebtedness and interest thereon, above set forth, by instrument of writing, a copy of which is hereto attached and made part of this statement.

No portion of said indebtedness, arising from the sale of said rope or from putting the same upon the drive as aforesaid, or interest thereon, has ever been paid by the defendant, or by any one for him, though demand before said assignment was made therefor by the American Manufacturing Company, and since said assignment by said John V. Doniphan.

Wherefore, the whole of said indebtedness, to wit: $576.81, with lawful interest on $549.25 thereof, at the rate of six per cent per annum, from January 24, 1899, and on $27.56 at the same rate, from January 16, 1899, is now due and owing to said John V. Doniphan, and he claims to recover the same in this suit, with interest hereafter accrued.

The court made absolute the rule to strike off the judgment.

*Error assigned* was the order of the court.

*Jere S. Black*, with him *Charles A. Hawkins*, for appellants.—
A judgment can be stricken off only for error on the face of the record or want of jurisdiction : Philadelphia v. Jenkins,

162 Pa. 451; Sweigart v. Conrad, 12 Pa. Superior Ct. 108; Germantown Brewing Co. v. Booth, 162 Pa. 100; France v. Ruddiman, 126 Pa. 257; Adams v. Grey, 154 Pa. 258.

No notice from plaintiff or his counsel of the payment of the $150 into court, and of the consequent renewal of the running of the fifteen day period was necessary: Seidel v. Hurley, 1 Woodward, 352; Gorman v. Hibernian Bldg. & Loan Assn., 154 Pa. 133; Van Natta v. Heintz, 149 Pa. 240; Edwards v. Adams, 16 W. N. C. 242.

*Richard E. Cochran,* with him *James St. Clair McCall,* for appellee.—If the plaintiff's statement is fatally defective he is not in position to demand judgment: Chestnut Street National Bank v. Ellis, 161 Pa. 241; Fritz v. Hathaway, 135 Pa. 274; Commonwealth v. Bangs, 22 Pa. Superior Ct. 403; Acme Mfg. Co. v. Reed, 181 Pa. 382; Sullivan County v. Middendorf, 7 Pa. Superior Ct. 71; Maher v. Ashmead, 30 Pa. 344; Barr v. McGary, 131 Pa. 401.

No venue has been laid: Sundstrom v. Schofield, 21 W. N. C. 541.

The second fault found with the statement is its inconsistent and contradictory averments. It is impossible to reconcile the first and last clauses of the statement. The use of the term "special instance and request" is the employment of the language of a common count, and the defendant cannot tell from it whether he is to come into court to answer a quantum meruit or an express agreement. He is entitled to notice as to which he is to meet: Jones v. Rocket, 4 Pa. C. C. Rep. 480; Doriot v. Hagemann, 21 W. N. C. 556; McLaughlin v. McLaughlin, 159 Pa. 489; Murphy v. Taylor, 173 Pa. 317.

The record fails to show that the defendant was in default: Bisbing v. Albertson, 6 W. & S. 450.

The court had power to strike off the judgment: Strouse & Co. v. Bard, 8 Pa. Superior Ct. 48; Collins v. Leafey, 124 Pa. 203; Brennan v. Prudential Ins. Co., 148 Pa. 199; McBeth v. Newlin, 15 W. N. C. 129; Davidson v. Miller, 204 Pa. 223; Steiner v. Scholl, 163 Pa. 465; Ringwalt v. Brindle, 59 Pa. 51; Myler v. Wittish, 204 Pa. 180; Klopfer v. Ekis, 155 Pa. 41; Blauvelt v. Kemon, 196 Pa. 128; Stockwell v. Webster, 160 Pa. 473; Steiner v. Scholl, 163 Pa. 465; Bryn Mawr National

Bank v. James, 152 Pa. 364; Miller v. Neidzielska, 176 Pa. 409; Stevenson v. Virtue, 13 Pa. Superior Ct. 103; Gottleib v. Middleburg, 23 Pa. Superior Ct. 525; Baker v. Singer Mfg. Co., 122 Pa. 363; Knox v. Flack, 22 Pa. 337; Martin v. Rex, 6 S. & R. 296.

OPINION BY SMITH, J., May 10, 1904:

The direction, included in the rule to give security for costs, " that pending the giving of such security all proceedings in the case be stayed, and that the defendant be not required to plead," merely suspended the operation of the rule to plead until the rule for security was disposed of. When the rule for security was satisfied, the stay of proceedings during its pendency expired, and the effect of the rule to plead was restored as fully as if it had not been suspended. The residue of the time stipulated in this rule began to run when satisfaction of the rule for security was entered of record, irrespective of indorsements relative to filing; and at its expiration the defendant was required to plead or suffer a default. Neither a new rule nor a reinstatement of the pending rule was necessary, nor was the defendant entitled to fresh notice. Generally, the parties are required to take notice of the disposition of interlocutory rules; and certainly it is not too much to require a party to know the disposition of a rule entered on his own motion. The omission to fix, in a rule, a day for hearing, is chargeable to the party taking it, and he cannot complain if it puts him to inconvenience in learning its disposition. In the present case, the defendant's counsel had knowledge of the satisfaction of the rule to give security, for a much longer period than the time stipulated in the rule to plead, but appears to have deliberately disregarded the requirement of the latter rule on the ground that fresh notice should be given or a new rule entered. This view was erroneous, and the plaintiff was entitled to a plea or judgment at the expiration of the time stipulated in the rule to plead.

The plaintiff's right to judgment, upon the defendant's default, was not affected by the alleged oral agreement or understanding between the counsel. The rule of court requiring all agreements between attorneys, touching the business of the court, to be in writing, was designed to insure certainty, to

prevent unseemly controversies between counsel as to the existence or the terms of an alleged oral agreement, and to avoid the necessity for a decision of such controversies that might reflect on the credibility or good faith of an attorney. Effect may be given to an oral agreement when it is admitted, but not when it is questioned. Here, since the counsel disagree as to its import, the alleged oral stipulation or understanding must, under the rule of court, " be considered as of no validity," and therefore nonexistent.

As the plaintiff's right to summary judgment is conditioned on a declaration sufficient in law, it remains to consider the defendant's objections on this point.

Under the Acts of May 25, 1887, section 3, P. L. 271, and March 21, 1806, section 5, P. L. 558; 4 Sm. L. 326, the declaration must consist of:

(1) A concise statement of the plaintiff's demand ; and, in assumpsit, must particularly specify:

(2) The date of the promise, book account, note, bond, penal or single bill, or all or any of them, on which the demand is founded :

(3) The whole amount that the plaintiff believes is justly due him from the defendant; and be

(4) Accompanied by copies of all notes, contracts, book entries, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the plaintiff's claim is founded; and a particular reference to such record, or to the record of any deed or mortgage, or other instrument of writing, recorded in such county, shall be sufficient in lieu of the copy thereof.

In the present case, the declaration sets forth the plaintiff's demand as founded on two particulars : (1) A sale and delivery by the plaintiff to the defendant, November 25, 1898, at defendant's special instance and request, of 3,580 linear feet of manila transmission rope, weighing 4,225 pounds, at the rate of thirteen cents a pound, amounting to $589.25, payable, under the terms of sale, in sixty days thereafter ; (2) By the plaintiff's servant, between the time of sale and January 16, 1899, at defendant's special instance and request, and upon its agreement to pay the expense thereof, putting said rope on a drive installed by defendant, at an expense of $27.56 ; and it

demands, as justly payable to it by the defendant, $549.25, with interest from January 24, 1899, and $27.56, with interest from January 16, 1899.   These matters are expressed with due conciseness, and embrace all the statutory essentials.   In brief, the declaration sets forth the sale and delivery, by the plaintiff to the defendant, at a given date, of a certain quantity of merchandise, at a specified price, payable at a fixed time; the performance of a certain service, upon the defendant's agreement to pay the expense thereof, with the date of performance and the expense incurred; and the whole amount that the plaintiff believes is justly due it from the defendant.   It is not necessary to state whether a contract declared on is oral or written, even though the law requires it to be in writing; and a statement of its terms is sufficient to show whether the defendant's promise is express or implied.

The contention that the omission to lay a venue is a material defect overlooks some established rules of pleading.   As this objection is wholly technical, it is sufficient to meet it on technical grounds.   At common law, an action was triable only in the county in which it arose, and the purpose of laying a venue was to indicate the vicinage from which the jurors were to be summoned, and the county in which the issue was to be tried. But when the cause of action, alleged in the declaration, was confessed by the defendant's default in not pleading, there was no issue to be tried, and a venue was unnecessary; hence an omission to lay a venue was cured by this default: Gould on Pleading, 155–157.   The objection may also be disposed of on substantial grounds.   In transitory actions, the venue has long ceased to have any relation to the locality in which the action arose, or to serve any real purpose in the cause.   A transitory action, wherever it may have arisen, is triable in any county in which it may be brought, by a jury drawn from the body of that county, and for the declaration to indicate this county is clearly superfluous.   An averment that requires no proof, is not traversable, and is wholly immaterial, is not essential to a concise statement of the plaintiff's demand; and our legislation in the direction of simplicity in pleading, while specifically defining the requisites of a declaration, has not included among them the fiction of averring the action to have arisen in the county in which it is brought.   Even at common

law, an immaterial averment, which may be separated from the principal fact without prejudice to the substantive cause of action, requires no proof. (1 P. & W. 387.) Nor is there anything in this case from which a necessity for this averment is to be implied. As eliminated from the statutory requirements, upon the maxim, " expressio unius est exclusio alterius," and as a dead leaf on the tree of technicalities in pleading, it may well be allowed to drop from our present system, with other superfluous phrases.

The objections relative to the assignment of the claim to the use plaintiff are without foundation. It is unnecessary to show, in the declaration, the title of an equitable plaintiff, or to indicate his interest otherwise than by marking the suit to his use. The right to recover is founded on the claim of the legal plaintiff, and whether this right remains in him or has passed to an assignee is immaterial. The cause is to be tried without relation to an equitable plaintiff, unless an issue is raised between such plaintiff and the defendant; as when a defense is set up which, while good against the legal plaintiff, cannot be made against the equitable plaintiff, or the defendant alleges a defense or a counterclaim against the latter which would not avail against the former: Berks County v. Levan, 86 Pa. 360 ; Crawford v. Stewart, 38 Pa. 34.

Nothing in the assignment of error requires further discussion.

The order making absolute the rule to strike off the judgment is reversed, and the rule is discharged.