## C. H. Hardy Auto Company *v.* Posey, Appellant.

*Replevin—Bailment—Lease of automobile—Parties—Confusion of
names.*

1. In an action of replevin by the "C. H. Hardy Auto Company",
to the use of "Harry Thomas," to recover an automobile leased under
an agreement in writing by the auto company to the defendant, where
it appears that there was indorsed on the agreement an assignment
by "C. H. Hardy" to Thomas, and the statement of claim avers that
the auto company had assigned its interest to Thomas, and this aver-
ment is not denied in the affidavit of defense, no question can be raised
by the defendant as to a confusion of names of the legal plaintiff, and
it is immaterial whether the auto company was a corporation, a trad-
ing name, or an individual.

2. A person for whose use a suit is brought need not show a right
in himself; all that is necessary is to show in the legal plaintiff a right
to recover.

3. In an action of replevin to recover an automobile leased by the
legal plaintiff to the defendant, proof of conversations in regard to the
condition of the machine prior to the execution of the lease are inad-
missible, if the purpose of the offer is to lay ground for a set-off. In
Pennsylvania set-off cannot be pleaded nor allowed in an action of
replevin.

Argued April 9, 1912. Appeal, No. 4, April T., 1912,
by defendant, from judgment of C. P. No. 3, Allegheny
Co., Feb. T., 1908, No. 471, on verdict for plaintiff in
case of C. H. Hardy Auto Company, for use of Harry
Thomas v. C. W. Posey. Before RICE, P. J., HENDERSON,
MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Replevin to recover an automobile. Before DAVIS, J.

The court charged as follows:

This action is brought by the C. H. Hardy Auto Company, for the use of Harry Thomas, against the defendant, C. W. Posey, to recover one "Wayne" automobile, Model II design, of the value of $300. This is an action of replevin, and is brought to obtain possession of the property in question. The defendant refused to deliver possession of the machine to the officer executing the writ, and gave a counter bond as provided by law, and retained the machine. [In replevin the only question that the jury determines is the question of title, and possession follows the title. So if the title is in the plaintiff in this case, then he has the right to recover.] [3] The evidence shows that the automobile in question was leased to C. W. Posey for a certain specified time, named in the lease, and the court has construed that this lease is what the law calls a bailment, and that on the lessee not fulfilling the conditions of the bailment, that then the bailor has the right to recover the possession. [While this lease was made to C. W. Posey by the C. H. Hardy Auto Company, subsequently the lease was assigned to the use plaintiff in this case, Harry Thomas. So that this action now stands for the use of Harry Thomas as plaintiff in the case.] [4] [The defendant, having retained possession of the machine, and given a bond, and it appearing that the title is in the plaintiff, and also the right of possession, he is entitled to a verdict for the value of the machine, or the property in question, and the value in this case is claimed and admitted to be $300.] [5] In addition to that you are authorized to give damages by reason of the detention of the machine, that is, not delivering it over at the time the writ was issued, and those damages are not to exceed six per cent for the detention, unless there was a case of wanton oppression or maliciousness, or something of that kind, which might permit damages, such as the law terms exemplary, but there is no evidence of that in this case, so your verdict would be the value of this machine, with such damages for de-

tention, not exceeding six per cent from the time this suit was instituted, which was January 6, 1908.

Counsel on both sides have submitted points. The plaintiff asks the court to instruct you as follows: [That under the law and the evidence in this case your verdict must be in favor of the plaintiff. This point is affirmed.] [6]

[2. That the amount of the verdict should be the sum of $300, and damages for detention not exceeding six per cent on said sum from January 6, 1908, to date. This point is affirmed.] [7]

Verdict and judgment for plaintiff for $357.75. Defendant appealed.

*Errors assigned* were (3–7) above instructions, quoting them.

*Lowrie C. Barton*, for appellant.—Replevin lies whenever one claims goods in possession of another and this whether the claimant has ever had possession or not, and whether his property in the goods be absolute or qualified provided he has the right of possession: Ferguson v. Lauterstein, 160 Pa. 427; Nichol v. Abram, 7 Pa. Dist. Rep. 250.

Wherefore the claimant of the goods must bring his action in his own name: Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218; Hunter v. Voigt, 8 Pa. Superior Ct. 484.

This case should have been considered and tried as Harry Thomas, plaintiff, against C. W. Posey, defendant: Heilman v. McKinstry, 18 Pa. Superior Ct. 70; Houghton, Mifflin & Co. v. DuBell, 33 Pa. C. C. Rep. 267.

Failure of consideration can be shown: Hunter v. Voigt, 8 Pa. Superior Ct. 484.

Appellee objects to the allowance of appellant's bill for repairs on the ground that a set-off is not permitted in replevin. While it is true that an offset is not allowable in an action of replevin, defendant is entitled to recoupment for any sums paid out: Macky v. Dillinger, 73 Pa. 85; Sharpless v. Zelley, 37 Pa. Superior Ct. 102; Brown v.

Dempsey, 95 Pa. 243; Mathias v. Sellers, 86 Pa. 486; Fitz-
water v. Roberts, 166 Pa. 454; Lukens v. Aiken, 174 Pa.
152; Martin v. Stong, 35 Pa. Superior Ct. 635.

*Thomas F. Garrahan,* with him *Langfitt & McIntosh,*
for appellee.—A person for whose use a suit is brought
need show no right in himself; all that is necessary is to
show the legal plaintiff's right to recover: Hamilton v.
Brown, 18 Pa. 87; Montgomery v. Cook, 6 Watts, 238;
Guaranty Trust & Safe Deposit Co. v. Powell, 150 Pa.
16; Stainer v. Ins. Co., 13 Pa. Superior Ct. 25; Citizens'
Trust & Surety Co. v. Howell, 19 Pa. Superior Ct. 255.

Set-off is not permissible in replevin: Patch Mfg. Co. v.
Killinger, 26 Pa. C. C. Rep. 539; National Cash Register
Co. v. Cochran, 22 Pa. Superior Ct. 582.

OPINION BY ORLADY, J., July 18, 1912:

On July 3, 1907, by an agreement in the nature of a
bailment, the C. H. Hardy Auto Company leased and
hired to C. W. Posey for the term of two months from that
date a Wayne auto, reserving for its hire and use for the
term, the sum of $550, payable in cash $250 and the
balance on September 3, following.   Indorsed on the agree-
ment is an assignment by C. H. Hardy, "of all his right,
title and interest to Harry Thomas" who is the use plain-
tiff in this action.   The statement of claim avers that
the Auto company, the original lessor, for value assigned
all its interest in and under the lease to the said Harry
Thomas.   This averment was not denied in the affidavit
of defense so that the confusion of names in regard to the
actual lessor is not material, whether it be a corporation,
a trading name or an individual.

Where pleadings are irregular and imperfect but not
necessarily defective the court must, if possible, give
such effect to them and to the operation to the statute
of amendments as will secure a trial upon the merits,
provided it leads to results that will not prejudice the
defendant and may subsequently be pleaded as an ad-

judicated determination of the litigated matters, if any other suit were instituted: Stainer v. Insurance Co., 13 Pa. Superior Ct. 25.

The suit being brought in the name of the legal plaintiff, his right alone is in question and it may be recovered upon or defended against, as the defendant is not permitted to dispute the form of the action as presented by his record. A person for whose use a suit is brought need not show a right in himself; all that is necessary is to show the legal plaintiff's right to recover. This suit being brought in the name of the legal plaintiff with whom the defendant contracted, the judgment is an adjudication of the controversy: Adams v. Edwards, 115 Pa. 211; Guaranty Trust & Safe Deposit Co. v. Powell, 150 Pa. 16.

The alleged conversations in regard to the condition of the machine prior to the execution of the lease were properly excluded, as the manifest purpose of the offers was to lay ground for a set-off—for the amount of the repairs which the defendant had expended so as to put the machine in good condition. Though part of the offer was admissible, it was properly rejected as the court was not bound to separate the good from the bad, and was justified in rejecting it as it was presented: Mundis v. Emig, 171 Pa. 417.

The law is well settled in Pennsylvania that set-off cannot be pleaded or allowed in an action of replevin to recover personal property: Nat. Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582; Eureka Knitting Co. v. Snyder, 36 Pa. Superior Ct. 337; Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576.

The judgment is affirmed.