# Chambers *v.* Bradford Building, Loan & Savings Association, Appellant.

*Appeals—Paper-books—Printed exhibits—Case stated.*

1. An appeal from a judgment on a case stated will not be quashed because the appellant failed to print certain exhibits, where the record shows that nothing was omitted from the case stated as printed, which was essential to the accurate understanding and decision of the question of law on which the case turned.

*Corporations—Building and loan associations—Transfer of stock.*

2. Where a member of a building and loan association assigns in blank a full paid stock certificate to a creditor in pledge for a debt, the transferee is entitled to have it transferred to his own name, although it appears that at the time of the assignment the member was indebted to the association, and that he subsequently consented that the stock should be transferred and charged up against his indebtedness to the association, and that the association had no notice of the prior assignment of the stock.

Argued Oct. 29, 1913. Appeal, No. 106, Oct. T., 1913, by defendant, from judgment of C. P. McKean Co., Oct. T., 1909, No. 278, on verdict for plaintiff in case of William Chambers v. Bradford Building, Loan & Savings Association. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Case stated on petition for mandamus.

Bouton, P. J., filed the following opinion:

John Eckhart, Jr., being the owner of eight shares of the stock of the defendant corporation, of the par value of $100 per share, evidenced by certificate No. 2310, which stock was fully paid, and which was issued to him on April 25, 1907, being indebted to the plaintiff William Chambers, did on June 19, 1907, assign in blank the said certificate No. 2310, and then and there deliver the same to William Chambers as collateral security on account of said indebtedness. On demand

being made by Chambers for the transfer of this stock upon the books of the company, the transfer was refused, whereupon Chambers brought this action and asks for a mandamus to compel such transfer.

The facts are clearly stated and agreed upon in the case stated. There can be no question but that the title of William Chambers to the said certificate became absolute as against John Eckhart under the agreement between them. The defense is based largely, first, on the grounds that at the time the stock was transferred to Chambers that Eckhart was indebted to the company and being so indebted consented on January 6, 1908, that the stock evidenced by said certificate should be transferred and charged up against his indebtedness to the association, and that the defendant having no notice of the prior transaction between Chambers and Eckhart, took title to the stock absolutely. It is not contended that Eckhart delivered the stock to the company, but that he merely agreed that the stock should be transferred and charged up against his indebtedness. Counsel for the defendant contend that this passed title and was a proper transfer. With this contention we cannot agree. Eckhart had already assigned in blank and delivered the certificate to Chambers. He could not then, by any agreement with the company take away the title which he had invested in Chambers and transfer it to the company by any such agreement. If he had possession or could have gotten possession of the certificate and had surrendered it or delivered it to the company with a blank assignment, then another question would have arisen. Counsel for the defendant further contends that the defendant had a lien upon this stock for the indebtedness of Eckhart to them. It appears, however, that such indebtedness accrued in November, 1904, and that this stock was purchased and paid for by Eckhart nearly three years thereafter, to wit, April 25, 1907. It is very difficult for us to see then, how this old indebtedness could under any pos-

sible theory become a lien upon this stock unless made so by some statute or by-law of the corporation. Counsel for defendant admits that under the common law a corporation has no lien on the stock of a member for obligations due to it, and there can be no doubt that there is now no statutory lien except for payments due or to become due thereon. Under the Act of April 29, 1874, P. L. 73, as construed by Mr. Justice MITCHELL in Bank of the Republic v. Tumbler Co., 172 Pa. 614, a corporation had a lien upon stock for any indebtedness due by the stockholders to the company. Said act provided that "no certificate shall be transferred so long as the holder thereof is indebted to said company, unless the board of directors shall consent thereto. But this section of the act of 1874 was repealed by the Act of June 24, 1895, P. L. 258, which is as follows:

"Section 1. Be it enacted, etc. That any stockholder of any company incorporated under the laws of this Commonwealth shall be entitled to receive a certificate of the number of shares standing to his, her or their credit on the books of the corporation, which certificate shall be signed by the president or vice president or other officer designated by the board of directors, countersigned by the treasurer and sealed with the common seal of the corporation, which certificate or evidence of stock ownership shall be transferable on such books at the pleasure of the holder in person or by attorney, duly authorized as the by-laws may prescribe, subject however to all payments due or to become due thereon; and the assignee or party to whom the same shall have been so transferred shall be a member of said corporation and have and enjoy all the immunities, privileges and franchises and be subject to all the liabilities, conditions and penalties incident thereto, in the same manner as the original subscriber or holder would have been. And upon a sale of such stock in satisfaction of any debt for which it is pledged the purchaser shall have the right

to compel a transfer of such stock upon the corporation books and the delivery of a proper certificate therefor.

"Section 2. That all laws or parts of laws inconsistent herewith be and the same are hereby repealed."

There then being no statutory lien for the indebtedness of Eckhart to the corporation, it remains only to ascertain whether the corporation has any lien by virtue of any of its by-laws. Counsel call attention to sec. 3 of art. 2 of the by-laws, which provides, "No stock shall be transferred, withdrawn or reduced until it stands clear from indebtedness on the books of the association," and argues that this creates a lien. This is a novel proposition. The by-law specifically refers to the stock and it may not be transferred until it stands clear from indebtedness. It has no reference to the indebtedness of the stockholder, other than that which is owing by reason of the particular stock sought to be transferred. If an indebtedness of Eckhart to the corporation created nearly three years prior to his purchase of this stock can in any sense be said to be an indebtedness or a lien against such stock, it is a novel proposition. Our attention is further called to clause 2 of sec. 37 of the by-laws, which is as follows:

"Every share of stock shall be subject to a lien for the payment of unpaid installments and other charges incurred thereon under the provision of the charter and by-laws, and the by-laws may prescribe the form and manner of enforcing such liens."

This section refers to and gives a lien for unpaid installments and other charges incurred on the particular stock, but does not extend such lien to indebtedness arising from other and independent sources. The indebtedness due from Eckhart to the corporation arose through a fraud practiced upon the corporation in November, 1904. It appears that in April, 1904, Eckhart being then the owner of ten shares of stock, returned his certificate to the assistant secretary and received the full value thereof; that by the fault or negligence

of the assistant secretary this transaction failed to appear upon the proper books, and that Eckhart continued to receive the dividends on this certificate until September of the same year, and that on November 2, he made application for the withdrawal of the same certificate and the amount thereof, and was again paid the face value of said certificate, he, at that time, making a written statement that the certificate was lost. This last payment of $1,000, together with the dividends erroneously paid, amounting to $30.00, and interest of $170, making a total of $1,200, is the indebtedness which defendants contend is a lien upon the certificate delivered to Chambers.

Counsel argue that Chambers, being a director, was charged with notice of fraud of Eckhart; it is agreed in the case stated that Chambers had no knowledge of the fraud or of any indebtedness existing owed by Eckhart to the defendant association. But even suppose that Chambers ought to have known of the fraud of Eckhart, was there anything to prevent Eckhart from purchasing the second certificate three years later and transferring it to Chambers? It cannot be said that this latter transaction is in any wise tainted with fraud, and no fraud is alleged to have been perpetrated or attempted by anyone in the purchase or transfer of the certificate in suit.

The transaction was an independent one, Chambers having acquired title to the certificate by virtue of the assignment and delivery to him by Eckhart; the defendant association having no lien thereon, Chambers is entitled to have the stock transferred to him.

And now, to wit, February 22, 1913, it is ordered, adjudged and decreed that judgment be entered for the plaintiff and that a writ of peremptory mandamus issue directed to the defendant, the Bradford Building, Loan & Saving Association, and to Robert Bauer, its secretary, commanding them to transfer to the plaintiff the said William Chambers, the said eight shares of stock

of the Bradford Building, Loan & Saving Association under certificate No. 2310, upon the books of the association and to deliver to him a proper certificate therefor, and that the defendant pay the costs of these proceedings.

*Error assigned* was the judgment of the court.

*E. J. Jones*, of *Jones & Wick*, for appellant, cited: Naglee v. Pacific Wharf Co., 20 Cal. 529; Kisterbock's App., 51 Pa. 483.

*Edwin E. Tait*, with him *Edgar W. Tait*, for appellee, cited: Souder v. Columbia Nat. Bank, 156 Pa. 374; Shattuck v. American Cement Co., 205 Pa. 197; Gilbert v. Erie Building Assn., 184 Pa. 554; Finney's App., 59 Pa. 398.

PER CURIAM, December 8, 1913:

This is an appeal from a judgment on a case stated and the appellant's paper-book conforms in all particulars to Rule 22, unless it be in the matter of printing the exhibits referred to in the case stated as having been "admitted in evidence." It is to be noticed, however, that while some of these exhibits are not printed in full, the material parts of them are set forth verbatim in some instances, and in the others in substance, in the statement of facts agreed upon, which is printed in full. So far as we have been informed by counsel or can discover from our own independent examination, nothing is omitted from the case stated, as printed, which is essential to an accurate understanding and decision of the question of law upon which the case turns. If there has not been strict, literal compliance with the rule of court in the particular under consideration, there has been such substantial compliance with it in all material respects as entitles the appellant to have the case decided on the merits. Therefore, the appellee's motions

to suppress appellant's paper-book, to quash the appeal and for nonsuit are denied.

Upon the merits of the case we all concur in the conclusion reached by the learned judge of the common pleas and in the reasons given in the opinion filed by him. No question was raised by counsel on the argument as to mandamus being an appropriate remedy to enforce the transfer to which the plaintiff was entitled. Prima facie, it would seem to be the appropriate remedy: Sproul v. Standard Plate Glass Co., 201 Pa. 103. But as all questions as to the jurisdiction of the court in this form of action are expressly waived in the case stated, we need not consider the question of remedy further.

The judgment is affirmed.