# E. & S. Motor Transportation Co., Inc., to the Use of Horace R. Freeston, v. World Fire & Marine Insurance Co., Appellant.

*Insurance—Cancellation    of    policy—Interpleader—Practice—Use plaintiff—Act of March 11, 1836, P. L. 77.*

An action of assumpsit to recover unearned premiums on a cancelled fire insurance policy was brought by a motor company for a use-plaintiff in pursuance to an agreement that the use-plaintiff would advance the payments and in case the policy were cancelled would receive the unearned portions of the premiums payable thereon. Defendant admitted the issuance and cancellation of the policy, but set up the defense that the agreement was revoked and petitioned for an interpleader to determine whether the money should be paid to the legal or use-plaintiff.

Under such circumstances, the court properly entered judgment for the legal plaintiff.

The right to maintain the action did not depend upon the interest which the use-plaintiff had in the result. If the legal plaintiff had a good cause of action, it was immaterial so far as the defendant is concerned whether the use-plaintiff had any interest or not.

In the absence of an averment that the right to the thing sued for is claimed by some person, not a party to the action, the court had no authority to require the parties plaintiff to interplead.

Argued October 20, 1927.   Appeal No. 126, October T., 1927, by defendant from judgment of M. C. Phila-

236   E. & S. TRANS. CO. *v.* W. F. &. M. INS. CO., Appel.

Assignment of Error—Opinion of the Court.   [92 Pa. Superior Ct.
delphia County, October T., 1926, No. 1123, in the case
of E. & S. Motor Transportation Co., Inc., to the use
of Horace R. Freeston, v. World Fire & Marine In-
surance Co. Before PORTER, P. J., HENDERSON, TREX-
LER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.
Affirmed.

Assumpsit to recover the unearned premiums on
cancelled insurance policy.   Before CASSIDY, J.

Verdict for the plaintiff in the sum of $1,110.22 and
judgment thereon.   Defendant appealed.

*Error assigned* was the judgment of the court.

*Horace Michener Schell,* for the appellant.—The
petition for an interpleader was proper: Barnes v.
Bamberger, 196 Pa. 123; Pennsylvania Railroad Com-
pany v. Wolfe, 203 Pa. 269.

*Matthew Randall,* and with him *A. B. Ross,* for ap-
pellee, cited: Bridesburg Manufacturing Co.'s Appeal,
106 Pa. 275; Dohnert's Appeal, 64 Pa. 311; DeZouche
v. Garrison, 140 Pa. 430; Bechtel v. Sheafer, 117 Pa.
555; McSorley v. Coyle, 40 Pa. Superior Ct. 560; Mc-
Cullen v. Life Ins. Co., 2 District Reports 361.

OPINION BY GAWTHROP, J., December 15, 1927:

This is an action in assumpsit brought by the use
plaintiff, Horace R. Freeston, in the name of E. & S.
Motor Transportation Company, Inc., the legal plain-
tiff, (hereinafter called Motor Company) to his use,
against the World Fire and Marine Insurance Com-
pany, to recover the sum of $2,043.50, which was al-
leged to be the amount of the return premium due un-
der a certain policy of insurance issued by the de-
fendant to the Motor Company and subsequently can-
celled.

The plaintiff's statement alleged, inter alia, that on

or about March 12, 1926, Freeston, an insurance broker, at the instance of the Motor Company, obtained for it from the defendant an insurance policy covering a fleet of motor trucks belonging to the Motor Company, for a premium of $3,162.35 to be paid by the Motor Company to the defendant; that on May 10, 1924, the Motor Company entered into a written contract with Freeston, whereby the latter agreed to advance the premiums on all policies of insurance issued to the Motor Company through him; that in consideration thereof, and in order to secure Freeston for such advancements, the Motor Company agreed that in the event of cancellation of any of said policies the unearned portions of any and all premiums payable under said policies should be and become the property of Freeston; that the policy above mentioned was duly executed and delivered by the defendant to the Motor Company and accepted by it; that on July 21, 1926, said policy was cancelled by the defendant, whereupon there became due and owing to the Motor Company under the terms of the policy the sum of $2,043.50; and that by the terms of the agreement above mentioned, the right to said return premium was vested in Freeston, of which fact the defendant had received notice in writing.

In its affidavit of defense the defendant admitted the issuance and delivery of said policy and the cancellation thereof as alleged, but averred that the premium thereon was $2,932.50, and that there was paid to it on account of said premium only $2,061.25, leaving due and unpaid the sum of $1,101.10. The allegations in the statement of claim as to the making of the agreement between the Motor Company and Freeston assigning the latter refunds due the former on account of unearned premiums on cancelled policies were not denied. It was further averred that the amount due and owing to the Motor Company under the terms and conditions of the policy was the sum of $1,110.22; that

the return premium due under said policy did not belong to Freeston, because the agreement of May 10, 1924, between the Motor Company and Freeston had been cancelled and revoked by the Motor Company; that the latter had notified the defendant not to pay to Freeston, or to any one in his behalf, the return premium due under said policy, and that it would hold the defendant company liable therefor; that, therefore, Freeston had no interest in or right to the said sum of $1,110.22, but that said sum was due and owing to the Motor Company, and that defendant intended to file a petition for leave to pay the sum of $1,102.20 into court in order that the rights of the Motor Company and Freeston in said fund might be judicially determined.

On January 24, 1927, there was entered a rule for judgment against the defendant for the amount which it admitted it owed as an unearned premium. On February 8, 1927, the defendant filed in the court below a petition averring, inter alia, the issuance of said policy of insurance and the cancellation thereof; that there was in its hands the sum of $1,110.22, which was due and owing by it as an unearned premium on said policy; that the present suit, based on the agreement set up in the plaintiff's statement, had been brought by Freeston; that the Motor Company claimed that said agreement had been cancelled and had become void and that, as a consequence thereof, any sum or sums of money which might be due by the defendant as a return premium on said policy of insurance was payable to it; that the Motor Company had notified the defendant that it should not pay the said sum of $1,110.22 to Freeston; that said sum of $1,110.22 was claimed by Freeston and by the Motor Company; that the petitioner had no interest in said money and was likely to be put to the expense of defending an action based upon the claim of the Motor Company, as well as the expense of defending the suit brought by Frees-

ton. The prayer was that the Motor Company and Freeston be ordered to interplead to determine who is entitled to the said sum of $1,110.22, and that leave be granted the petitioner to pay said money into court.

The rule for judgment was made absolute and the rule for an interpleader was discharged. These orders are assigned for error.

We shall consider first the question whether the court below was warranted in entering judgment against the defendant for the amount which it admitted it owed as an unearned premium. The ground on which the learned judge based his action was that the only defense set up by the defendant to this part of the plaintiff's claim was the naked averment that the Motor Company had cancelled and revoked the agreement made between it and Freeston on May 10, 1924, and that this averment was insufficient because it failed to allege when the revocation took place or who acted on behalf of the Motor Company in declaring the revocation, or that Freeston ever consented to the revocation or had any knowledge of it. While we agree that the affidavit of defense did not sufficiently aver the cancellation or revocation of the agreement on which Freeston based his right of action, judgment for want of a sufficient affidavit of defense could not be entered on that ground. The right to maintain this action did not depend upon the interest which the use plaintiff had in the result. It depended upon the question whether the legal plaintiff had a cause of action against the defendant. If the latter could not maintain the action, the use plaintiff could not. If the legal plaintiff had a good cause of action, it was immaterial so far as the defendant was concerned whether the use plaintiff had any interest or not. That is a matter which concerns the legal and use plaintiffs and not the defendant: Howes *v.* Scott, 224 Pa. 7; C. H. Hardy Auto Co. *v.* Posey, 50 Pa. Superior Ct. 399. It is unnecessary to indicate the title of a use plaintiff

other than by marking the suit to his use: Armstrong v. City of Lancaster, 5 W. 68. GIBSON, C. J., said in Pierce v. McKeehan, 3 Pa. 136, 139: "To trace the equitable title from the legal plaintiff, is to lard the declaration with impertinence; ...... the legal parties are the legitimate litigants at the trial of the title." This Court said in Amer. Mfg. Co. v. Morgan Smith Co., 25 Pa. Superior Ct. 176: "The right to recover is founded on the claim of the legal plaintiff, and whether this right remains in him or has passed to an assignee is immaterial. The cause is to be tried without relation to an equitable plaintiff, unless an issue is raised between such plaintiff and the defendant; as when a defense is set up which, while good against the legal plaintiff, cannot be made against the equitable plaintiff, or the defendant alleges a defense or a counterclaim against the latter which would not avail against the former: Berks County v. Levan, 86 Pa. 360; Crawford v. Stewart, 38 Pa. 34." As the defendant averred no defense to the right of the legal plaintiff to recover the sum of $1,110.22, the judgment for that amount was properly entered against it.

Passing to the question of defendant's right to have an interpleader issue awarded on its application, we think that the court below reached the right conclusion, but for a wrong reason, which was that defendant is not a mere stakeholder without an interest because there is a dispute between it and Freeston as to the amount owing by the defendant. We agree with counsel for appellant that it is clear that the defendant has no interest in the controversy of the legal plaintiff and the use plaintiff as to the sum of $1,110.22, and that as between them it is a mere stakeholder of that sum. But we cannot agree to his contention that in the circumstances the defendant was entitled to an order that the legal plaintiff and the use plaintiff interplead. Section 4 of the Interpleader Act of March 11, 1836, P. L. 77, provides, inter alia, as follows: "The de-

fendant in any action which shall be brought in the said court for the recovery of money......which shall have come lawfully to his hands or possession, may, ......by a suggestion to be filed of record, disclaim all interest in the subject matter of such action, and offer to bring the same into court, or to pay or dispose thereof as the court shall order, and if he shall also allege under oath or affirmation, that the right thereto is claimed by, or supposed to belong to some person *not party to the action* (naming him or them), who has sued or is expected to sue for the same, ...... the said party (court) may, thereupon, order the plaintiff to interplead with such third person......'' It will be observed that the requirement of the act is that there be an allegation that the right to the thing sued for is claimed by *some person not party to the action*. Such an averment the defendant did not, and could not truthfully, make. We think that this provision of the act is controlling and that in the absence of this essential averment the court had no authority under the statute to require parties plaintiff to interplead. The manifest purpose of the statute was to save a defendant who has been sued from the annoyance and expense of defending another suit for the same fund or property. As the only claimants of the money as to which the interpleader was asked are parties to the present action, they are in a position to assert their rights therein. The legal plaintiff may enter a formal appearance in this suit and, as was said in Crawford v. Stewart, supra, if there is a dispute about the right to the money, the court can proceed to direct an issue to try the right to it or to the judgment, staying execution in the meantime; or if the defendant pay the money into court, as it may do, it could be distributed by the court, if only legal questions are involved.

The assignments of error are overruled and the judgment and order appealed from are affirmed.