Commonwealth *v.* Clement, Appellant.

Argued October 8, 1928.

Before Porter, P. J., Henderson, Trexler, Linn, Gawthrop and Cunningham, JJ.

464

466

468

*B. D. Oliensis,* for appellant.

*Franklin E. Barr,* Asst. Dist. Attorney, and with him *John Monaghan,* District Attorney, for appellee.

PER CURIAM, November 22, 1928:

The evidence offered by the Commonwealth supported the charge in the indictment that the defendant obtained money from The R. C. Clement Building Association for twenty-one shares of stock owned by him; that at the time the transaction took place he failed to produce the certificates representing fourteen shares of the stock; that he represented he was the owner of the shares for which the certificates were not produced, and that he had authority to surrender for cancellation all of the twenty-one shares and to receive the value thereof, $4,200, from the Association, and that he directed the secretary to make an entry of the cancellation of the shares on the stock book of the Association. On this statement the defendant obtained from the Association $4,200, the full value of the shares, at which time four of the certificates representing fourteen shares of the stock of the par value of $2,800 were held by the Wharton Title & Trust Company, with an assignment thereof in blank, executed by the defendant as a pledge to that company for $1,450 then due and unpaid. The only allegation of fact presented by way of defense was that the defendant did not intend to transfer the title of the shares to the Trust Company, but considered them his property, and that his expectation was to take them up at a later time and thus carry out the cancellation arrangement. We do not regard the defense presented as a sufficient answer to the charge of the Commonwealth. It is unnecessary however to review the argument presented in support of the appeal. That has been fully done in the opinion of the trial court refusing a new trial. The verdict is well sup-

ported by the evidence and the law applicable to the facts was considered at length by the court below.

The judgment is affirmed on the opinion of Judge McCullen. It is further ordered that the defendant appear in the court below and that he be committed for such time as he had not served under the sentence when a supersedeas was allowed.