# Waite *versus* Palmer.

1. An action was "Waite against Palmer," and the declaration was on a note from Palmer to Waite, January 27th 1873; the form of action and pleadings were amended so as to be "Morris, to the use of Waite," &c.; on the trial the plaintiff was allowed to recover on a note, Palmer to Morris, dated January 27th 1871 : *Held* to be error, but as it was amendable below, the defendant in error was allowed to amend in the Supreme Court upon payment of the costs in error including the paper-book.

2. The rule is to allow an amendment in the Supreme Court or treat the record as amended, where it is in furtherance of justice and the case has been tried on its merits, if no real injury will be done to the party complaining of it.

March 25th 1875.    Before AGNEW, C. J., SHARSWOOD, MERCER, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Warren county :* Of January Term 1875, No. 350.

This action was originally brought before a justice of the peace by H. B. Waite against H. H. Palmer, and removed into the Court of Common Pleas by appeal entered September 2d 1872. The justice's transcript did not appear on the paper-book.    On the 28th of April 1873, the declaration was filed.    The declaration was " H. H. Palmer, &c., was summoned to answer H. B. Waite of a plea that he render unto him $60. * * * And thereupon the said H. B. Waite saith that whereas the aforesaid H. H. Palmer, on the 27th day of January 1873, * * * by his certain bill obligatory, * * * acknowledged himself to be indebted and promised to pay in three days * * * to said plaintiff the sum of $60." * * *

On the same day the defendant pleaded, "Nil debit," &c. Same day, on motion of the plaintiff, the court allowed him " to amend the title to this case and all pleadings therein so that the same shall stand and read, Mary Morris, for use of H. B. Waite, *v.* H. H. Palmer."    On the 3d of March 1874, the defendant, by leave of the court, added the plea of "Non est factum." On the trial of the case, March 3d 1874, before Wetmore, P. J., the plaintiff offered in evidence the following note :—

" $60.                          Garland, Jánuary 27th 1871.

Three days after date I promise to pay to Mary Morris or bearer the sum of sixty (60) dollars, with use, for value received.    Waiv-

[Waite *v.* Palmer.]

ing all right to the exemption of property from sale under Act of April 9th 1849. Without stay of execution. Witness my hand and seal.

HOSEA PALMER. [L. S.]"

The defendant objected to the offer, because the note offered was not the one described in the declaration.

The court admitted the offer and sealed a bill of exceptions.

The verdict was for the plaintiff for $71.16.

The defendant took a writ of error and assigned for error the admission of the evidence objected to.

*R. Brown*, for plaintiff in error.

*W. D. Brown*, for defendant in error; he moved to amend the record in the Supreme Court to correspond with the facts.

Judgment was entered in the Supreme Court, April 1st 1875,

PER CURIAM.—As the declaration stood at the time of the trial, there was a technical variance between it and the note offered in evidence, the date in the former being laid as in 1873, and in the latter being 1871. Hence the exception was good. But the declaration was amendable, and the means of amendment appeared in the record as set forth in the transcript from the justice. The true date is set forth in his transcript, showing that the note was the same exhibited to the justice and the cause of action therefore the same. The plaintiff below, defendant in error, moves to amend the *narr.* so as to correspond with the transcript and note. We think he is entitled to his motion, as the amendment was one to which he was entitled below; but having omitted to ask it there, and having suffered the defendant to take his writ of error, and bring it before us for argument, he can have the benefit of his motion only on condition of paying the costs in error, including the expense of the paper-book. There is ample authority for this course : Wampler *v.* Shissler, 1 W. & S. 370 ; Morris *v.* McNamee, 5 Harris 173 ; Miller *v.* Weeks, 10 Id. 89. The rule is to allow the amendment to be made in this court, or treat the record as amended, where it is in furtherance of justice, and the case has been heard and decided on its merits, and no real injury will be done to the party complaining of it.

Judgment affirmed, and the costs in error, including expense of paper-book, ordered to be paid by the defendant in error, and the *remittitur* to be withheld until this condition is complied with.