## Brown et al. *versus* Gilmore.
## Brown et al. *versus* Henderson et al.

1. The state courts have jurisdiction of admiralty cases where the action is *in personam*, and not *in rem*, whether the action is one of contract or sounding in tort.

2. The test is whether the common law gives to a suitor the right of a common-law remedy to redress the wrong which he has suffered. Whenever it does the party injured may maintain such action in a state court.

3. As a general rule the burden of proof of want of ordinary care rests on the party alleging it, and when therefore plaintiffs alleged an injury on the part of defendants, an act done by plaintiffs to prevent the injury, and which was not shown to have caused any damage, did not impose on plaintiffs a necessity to prove that it did not contribute to the loss.

4. In an action to recover damages for a loss resulting from a collision of two tug-boats and their fleets, it was shown that the collision arose from the negligence of defendants, but it appeared that by reason of a broken shaft the tug-boat of the plaintiffs was not able to manage its tow, and that by reason thereof, the tow was stranded and a portion of it lost. *Held*, that if plaintiffs used due and proper diligence to secure and protect the property, the resulting loss was not too remote to prevent a recovery therefor.

5. The barges which comprised the tow were laden with coke. *Held*, that considering the character of the property and the fact that it was on its way, with other coke, to market, its value at the nearest market, deducting therefrom the time and expense in making that market, was a correct measure of damages.

6. The *allegata* and the *probata* did not agree, but the evidence received was clearly relevant to the general complaint of the loss. No objection was made to the admission of the evidence, and no request to withdraw it from the jury. The court refused to instruct the jury that there could be no recovery. *Held*, that this was not error as the declaration could have been amended so as to make the evidence clearly admissible.

November 4th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1879, Nos. 261 and 311.

Case by John Gilmore against Samuel Brown and others, and by Henderson & Co. against same defendants, to recover damages

for the loss of certain barges and the coke, which composed the cargo therein, alleged to have been caused by the negligence of defendants in the management of the steam-tug Bigley, of which they were the owners.

These two cases were tried together in the court below as they involved the same state of facts and nearly the same principles of law. The Gilmore case was brought by the owner of the steam-tug Phillips and certain coal and coke barges, and the Henderson case was brought by the owner of the coke and coal laden in the Gilmore barges, and both against the owners of the steam-tug Bigley, to recover for damages caused by a collison between the two tugs on the Ohio river in September 1876. The declaration in the Gilmore case, as amended, alleged that the plaintiff being the owner of a fleet of barges, viz.: nine barges laden with coal and coke moored in the Ohio river at a place called Merriman, the defendants, by neglect and carelessness of their employees in the navigation of their steam-tug Bigley, ran foul of and struck against the said fleet of barges and broke, damaged and injured the same.

In the Henderson case, plaintiffs, in their *narr.*, alleged that they owned a quantity of coke laden in certain barges of John Gilmore, and then being towed down the Ohio river from the city of Pittsburgh ; that the steam-tug Bigley, owned by defendants, with her tow of barges, by negligence, had collided with and run into the Gilmore barges, and stove, wrecked and broke the same, thereby causing loss of the coke.

The facts were as follows : The steam-tug Phillips having broken one of her shafts, was lying at shore near Merriman's shoals in the Ohio river. When, early in the morning of September 12th 1876, the Bigley and tow, in a heavy fog, came to land just above her, both the boats having their bows down steam—the trees to which the Bigley was made fast pulled out, and while endeavoring to back out into the stream, the foremost barge of the Bigley's tow got foul of the wheel of the Phillips, having failed to clear it by about three feet in turning. The momentum of this collision caused the Phillips to move out—one of the lines holding her tow to shore was parted, the other was cut by the captain, and the whole tow drifted down and was stranded upon a dangerous bar just above which she had been moored. Some of the barges were gotten off, but others remained until a sudden rise in the river, about a week afterwards, wrecked and ruined them.

Upon the trial, before Collier, J., a large amount of testimony was given upon the question as to negligence upon the part of defendants' employees, and as to contributory negligence on the part of plaintiffs.

There were two verdicts for the plaintiffs, amounting in the aggregate to $7800, and after judgments thereon, the defendants took these writs.

[Brown *v.* Gilmore.]

The following assignments of error will show the various questions raised in the case:

1. The court erred in refusing to affirm defendants' first point, viz.: That in cases of collision between steamboats while navigating the Ohio river, the respective claims and liabilities of the parties owning or navigating said boats, for damages caused by such collision, present a cause of admiralty jurisdiction vested exclusively in the courts of the United States, and of which by the constitution and laws of the United States, the state cannot take cognisance.

Ans. "Refused."

2. The court erred in refusing to affirm the seventh point of defendants, as follows: If the jury find that the loss might have been avoided, even after the collision, had those in charge of the Phillips not cast off the lines by which they were held to the shore, the verdict should be for defendants [and plaintiff must satisfy the jury that casting off the lines did not contribute to the loss].

Ans. "Affirmed, if the jury find the facts as stated in this point, except the part in brackets, which is refused."

3. The court erred in its answering the defendants' eighth and ninth points, as follows:

8th point. That even if the jury find that the striking of the Phillips's wheel was occasioned by the negligent act or default of defendants' employees, and yet that the subsequent stranding of the Phillips's tow was owing to her inability to manage her tow in consequence of her broken shaft, the loss resulting from such stranding was too remote a consequence of defendants' negligence, and cannot be recovered in this action.

Ans. "Refused."

9th point. If the foregoing point be refused, then, that under the same facts, if found by the jury the loss of the three barges by the sudden rise of the river, several days after the collision, was too remote a consequence of the collision, and defendants would not be liable for such loss.

Ans. "Affirmed, unless you find that the plaintiffs used due and proper diligence in the meantime."

4. The court erred in its answer to plaintiffs' second point, and to defendants' eleventh point, as follows:

Plaintiffs' 2d point. That the measure of damages is the value of the coke lost, and the damage done to the coke saved after the collision, at the nearest market for coke, considering the character of the river and navigation, with interest thereon from the date of the loss and damage, deducting the time and expense required to reach that market.

Ans. "Affirmed."

Defendants' 11th point. That in cases of collision between steamboats, it is the actual damage sustained by the party at the

[Brown *v.* Gilmore.]

time and place of injury that is the measure of damages. [And if defendants are liable at all for the value of property lost or destroyed, they are liable only for the value of such property at the port of shipment, with the additional allowance of the expenses of reaching the point of loss.]

Ans. "Affirmed, except as to the coke. The part in brackets is refused."

And in charging the jury as follows : "Whatever was the real market value of the coke—not the retail market value—together with what it would cost to get it there (Wheeling), Henderson et al. would be entitled to."

5. The court erred in instructing the jury as follows: "The owner of the boat, Gilmore, would be entitled to every dollar he lost directly, and to all the money he expended in and about the barges trying to save and take care of them, with interest."

6. The court erred in refusing to charge the jury as requested in defendants' 12th point, as follows : If the jury find that the actual collision which took place was merely the striking of the extreme point of defendants' tow, when swinging round in order to back out, against the wheel of plaintiffs' boat, the Phillips, as she laid tied to shore, causing thereby no damage to the wheel or boat, but simply forcing her from her moorings into the river, and that in consequence of the broken shaft of the Phillips, she was unable to manage her tow, which stranded on the shoal below, and that the actual loss did not take place till several days afterwards, when the barges were wrecked and wholly destroyed by a sudden flood, the plaintiffs cannot recover for the loss of such barges, for the reason that no such cause of action is set forth in the declaration, even if the alleged injury was not too remote from its alleged cause."

Ans. "Refused."

7th. The court erred in not allowing defendants' motion in arrest of judgment for want of jurisdiction.

*H. & G. C. Burgwin,* for plaintiffs in error.—The Constitution of the United States having vested exclusive jurisdiction of admiralty causes in the Federal courts and Congress, cannot confer such jurisdiction on the state courts: Art. 3, sect. 2, Constitution of the United States ; Benedict's Admiralty, sects. 34, 312 ; TILGHMAN, C. J., in Mannhardt *v.* Soderstrom, 1 Binn. 138 ; The Commerce, 1 Black 574.

The Act of 23d September 1789 (Stats. at Large, sect. 711), vests, in the opening clause, *exclusive* jurisdiction in the United States courts in the subsequently mentioned cases. When enumerating, among these, all civil cases of admiralty jurisdiction, there is added a saving of a suitor's right to a common-law remedy when the common law *is competent to give it.*

In Leon *v.* Galceran, 11 Wall. 188, the Supreme Court of the

[Brown *v.* Gilmore.]

United States for the first time held directly that in a case of *contract* the saving in the judiciary act of a common-law remedy gives jurisdiction to the state courts, because the state courts are competent to give such a remedy. We respectfully submit, however, that the reasoning of the court does not necessarily include cases of collision, because for the reason given by Judge Benedict, the common law in cases of such kind, however it may be in matters of contract, cannot afford a full and adequate remedy. Matters of contract are essentially common-law causes, but matters of pure navigation, such as collisions at sea and on navigable streams, are essentially admiralty causes, and belong to admiralty courts.

The *onus* was on the plaintiffs to prove that they were not guilty of contributory negligence: Waters *v.* Wing, 9 P. F. Smith 211. The question of diligence or neglect does not arise in questions as to proximate cause of loss. Whether the alleged cause is too remote may be a question of law, when the facts are admitted, or of fact for the jury when they are in dispute. Here they were admitted, and it was a question for the court. The sudden rise in the river and the consequent destruction of several of the barges, and the coke contained in them, was not a natural or probable consequence of the collision: Railroad Co. *v.* Kerr, 12 P. F. Smith 353; Hoag *v.* Railroad Co., 4 Norris 293, as commented on and explained; Railroad Co. *v.* McKeen, 7 W. N. C. 369.

The court erred in instructing the jury with reference to the measure of damages as to the barges: The Baltimore, 8 Wall. 377; The Columbus, 3 W. Rob. Adm. 158; Gillett *v.* West. Railroad Co., 8 Allen 560. So also as to the coke: Smith *v.* Condry, 1 Howard 28; The Ocean Queen, 5 Blatch. C. C. 493; The Mary J. Vaughan, 2 Benedict 47.

The plaintiffs' allegation in both the cases was, that defendants' boat collided with plaintiffs' barges and sunk and destroyed them. The facts proved were entirely different. The defendants' boat did not touch the plaintiffs' barges, they were swung into the stream by the parting of the ropes which held them to the shore, floated down till they stranded on the bar, and afterwards were wrecked by the sudden rise in the river; so that the damages if not too remote from their alleged cause, were surely consequential and special, not the necessary act complained of. As such they should be specially laid in the declaration. In actions for injuries from negligence, damages not immediately resulting from the injury, cannot be proved unless specially laid: Laing *v.* Colder, 8 Barr 479; Good *v.* Mylin, Id. 54; Stanfield *v.* Phillips, 28 P. F. Smith 73; 1 Chit. Pl. 386; De Forest *v.* Leete, 16 Johns. R. 122.

*M. W. Acheson, John Barton* and *Alex. M. Watson,* for defendants in error.—In all suits *in personam* against the owner or master, the party injured may have an action at law in the circuit

[Brown v. Gilmore.]

court or in a state court, because the common law in such case is competent to give him a remedy, and whenever the common law is competent to give a party a remedy in such a case, the right to such a remedy is reserved and secured to suitors by the saving clause contained in the ninth section of the Judiciary Act: Leon v. Galceran, 11 Wall. 188.

Hine v. Trevor, 4 Wall. 570, and The Belfast, 7 Id. 644, were both cases where proceedings *in rem* were brought in state courts. It was held that the United States courts had exclusive jurisdiction, and that those cases did not come within the saving clause of the act, because there was no proceeding *in rem* at common law in such cases. But the Supreme Court of the United States in both of the cases cited recognises the jurisdiction of the state courts in all actions at common law against the owners of a vessel, in contradistinction to suits *in rem* against the vessel itself.

Contributory negligence must be proved by the defendant alleging it: Bush v. Johnston, 11 Harris 209; Erie City v. Schwingle, 10 Id. 385. It is not incumbent on the plaintiff to prove the exercise by him of ordinary care to avoid the injury, but the proof of the want of it on part of the plaintiff lies on the defendant: Beatty v. Gilmore, 4 Harris 463.

The question whether the loss was too remote was, under the circumstances of this case, not a question for the court: Scott v. Hunter, 10 Wright 192; McGrew v. Stone, 3 P. F. Smith 436, 444; Pennsylvania Railroad Co. v. Hope, 30 Id. 373; Hoag et al. v. L. S. & M. S. Railroad Co., 4 Norris 293.

The plaintiffs recovered no consequential damages, but only such as was strictly compensatory for direct loses sustained.

As to the measure of damages for coke lost and damaged, in Henderson's Case, the rule laid down by the court is quoted from Brown v. Riddle, 2 W. N. C. 362, where this court in a similar case held that, "where there is no market value of the article at the place of loss, the nearest market above or below, allowing for the expense of reaching the market, is the proper measure of loss, as a general proposition."

Mr. Justice MERCUR delivered the opinion of the court, January 5th 1880.

These two cases were argued together. The damages claimed, resulted from a collision on the Ohio river. The boat "Phillips," with nine barges in tow, some loaded with coke and others with coal, had become disabled in descending the river, and landed and moored over night at Phillips landing. While lying there, she had proper signal lights burning; but did not have steam up. While in that position she was struck by the "Bigley," a boat also descending the river, owned by the plaintiffs in error, and having a tow in charge. The officers of the Bigley had previous notice of

[Brown *v.* Gilmore.]

the disabled condition of the Phillips. The latter boat and her barges were torn from the shore, by the striking of the Bigley and her tow, and forced into the stream. The barges in the Phillips tow were scattered and thrown on a bar below. The barges were the property of Gilmore, the defendant in error. Three of them were entirely lost and others injured. The coke therein, lost and damaged, was the property of Henderson & Co., the other defendants in error. Each suit was to recover damages sustained by the respective party therein.

The first assignment of error denies that the court below had jurisdiction in the case.

The suits were not proceedings *in rem* against the boat of the plaintiffs in error, in which the District Court of the United States has exclusive jurisdiction; but they were actions *in personam*, against the owners of the boat. Sect. 563 of the Revised Statutes of the United States, prescribes in what cases the District Court shall have jurisdiction, and pl. 8 thereof declares, "of all civil causes of admiralty and maritime jurisdiction; saving to suitors in all cases, the right of a common-law remedy, where the common law is competent to give it." In Hines *v.* Trevor, 4 Wall. 570, and in The Belfast, 7 Id. 644, brought in state courts, the proceedings were *in rem*, and as there was no proceeding *in rem* at common law, the cases were held not to come within the saving clause of the Act of Congress. But in Leon *v.* Galceran, 11 Wall. 188, it was held that the state courts have jurisdiction in an action *in personam*. It is true that case was on a contract; but the Act of Congress makes no distinction between a tort and a contract. The test is whether the common law gives to a suitor the right of a common-law remedy, to redress the wrong which he has suffered. Whenever it does, the party injured may maintain such action in a state court. It therefore follows, the court had jurisdiction in the present case.

2. This assignment claims the court erred in refusing to charge the jury, that the defendants in error "must satisfy the jury, that casting off the lines did not contribute to the loss." Under all the evidence furnished us, it would be manifest error if the court had so charged. We cannot find any evidence indicating that casting off the lines contributed to the loss. The defendant in error gave evidence tending to prove negligence on the part of the plaintiffs in error, in colliding with the boat of the former, and that one line was thereby pulled out of the post to which it was tied, and that the other line was cut when it was about to pull the end out of the barge. It certainly cannot be that an act done for the purpose of preventing injury, and which is not shown to have caused any damage, imposed on the defendants in error a necessity to prove that it did not contribute to the loss. If the plaintiffs in error claim this act was intended to cause loss or damage, or had that

[Brown *v.* Gilmore.]

effect, or contributed thereto, there should be evidence to sustain the claim. As a general rule, the burden of proof of want of ordinary care, rests on the party alleging it; and under the circumstances attending the commission of this act, it rested on the plaintiffs in error. The court very clearly said to the jury, if they found there was any contributory negligence on the part of the "Phillips," or if the defendants in error neglected to take care of their property after the accident occurred, they could not recover.

3. The answers covered by this assignment are as favorable, as the plaintiffs in error were entitled to receive. The court was not required to separate their negligent act from the reasonable effect resulting therefrom. If the defendants in error used due and proper diligence, in the mean time, to secure and protect the property, the resulting loss was not too remote to prevent a recovery therefor. In view of the injury first committed, and the exposed position in which they forced the barges and cargo, they cannot be exempted from the damages naturally resulting from their act, without any fault of the defendants in error.

4. The measure of damages as to the coke lost and injured, was correctly stated. Considering the character of the property, and the fact that it was on the way with other coke and coal, to market, its value at the nearest market, deducting therefrom the time and expense required to reach that market, was a correct measure of damages.

5. The first part of the charge covered by this assignment, was evidently intended to apply to the barges wholly lost, and the latter part to those which were injured only, and saved by labor and expense. So understanding it, there is no error in this assignment.

6. This assignment seeks to make a distinction between the *allegata* and *probata*. It may be, that if objection had been made to the admission of some of the evidence, that it should have been rejected. None appears to have been made. It was all received, and was clearly relevant to the general complaint of the loss. No request was made to withdraw it from the jury. An amendment of the declaration, making the evidence clearly admissible, could have been made. The learned judge was right in refusing to charge as requested in the point covered by this assignment.

Judgment affirmed in each case.