## Bernard E. Arons *v.* Moses J. Smit, Appellant.

*Evidence—Pleadings—Statement—Master and servant.*

In an action to recover commissions on sales, plaintiff averred in his statement that he had been employed by defendant for a year at a certain salary per week and certain commissions on sales, that he had continued in defendant's employ until a certain date mentioned which was about ten days before the termination of the year.   The affidavit of defense admitted the hiring for a year, and alleged that defendant had quit work within the year; and further alleged that the commissions were to be based on the net profits for the entire year.   At the trial he testified that he had served for the whole year.   No objection was made to this testimony, nor did the defendant plead surprise, and the court charged that if plaintiff left before the termination of the year he was not entitled to commissions.   A verdict was rendered for plaintiff on which judgment was entered.   *Held*, that after such testimony had been received without objection, and the case submitted to the jury on the evidence thus before them, it was too late to complain of the introduction of testimony that was not strictly relevant under the issue presented by plaintiff's statement and defendant's answer.

Argued Jan. 29, 1896.   Appeal, No. 83, Oct. Term, 1895, by defendant from judgment of C. P. No. 2, Allegheny Co., No. 275½, July T., 1889, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit to recover commissions on sales.   Before EWING, P. J.

This action was brought by the plaintiff against his former employer, the defendant, proprietor of a jewelry store, to recover commissions alleged to be due the plaintiff under a parol contract, wherein the plaintiff was to enter the employ of defendant as a clerk in his store on the 1st day of December, 1887, and remain in such service one year from that date.

He filed his statement of claim in which he set forth that under said contract he was to receive a commission of 15 per cent, based upon the difference in certain profits; that he remained in the employ of the defendant until the 19th day of November, 1888, and claiming $721 due as commissions under the contract.

The defendant's affidavit of defense admitted that a parol contract has been entered into as claimed by plaintiff; that the same was for services of plaintiff for one year from December 1, 1887; that the sum of $25.00 per week was to be paid, and that the plaintiff had quit his employ, as averred in his statement, November 19, 1888, but denied that the commissions were to be based upon difference in profit, as stated by plaintiff, and alleged that same was to be based upon a net profit of over $5,000, made by defendant at said store during the year.

At the trial plaintiff testified that he served for the whole year until Dec. 1, 1888. No objection was made to the admission of the testimony, and plaintiff did not plead surprise.

The court charged in part as follows:

[There is a preliminary question for you to dispose of, which may in logical order be first considered, because if you find that in favor of the defendant you need not inquire any further. If you find it in favor of the plaintiff you have to inquire further, and that is this, the contract was for a year. If he did not remain a year, if he left before the year was up, even a week before, the contract being whole, he cannot recover anything for his commissions, and especially so if he left to attend the fitting up of a competitive store alongside to take the custom. That was not good faith, not only a violation of contract, but it was anything else than good faith. Now the defendant asserts that he did do that, and the plaintiff denies. It is a question of fact for the jury. I simply say to you, if he did leave the employ for that or any other purpose, without the consent of the defendant, Mr. Smit, before his year was up, of course that ends his claim for commissions for the year, because he did not perform his part of the contract.] [1]

Verdict and judgment for plaintiff for $430.36. Defendant appealed.

*Errors assigned* were, (1) portion of charge as above, quoting

it; and (2) in not instructing the jury that, under the pleading and the evidence, the verdict must be for defendant.

*A. J. Barton*, for appellant.—We contend that the court below, by that portion of his charge which we assign for errror, submitted to the jury a question that was not at issue between the plaintiff and defendant, but which wholly arises in the variance between the plaintiff's statement of claim and his testimony, and which it was not the province of the jury to pass upon: Newbold v. Pennock, 154 Pa. 591; Fritz v. Hathaway, 135 Pa. 274; Cox v. Jones, 5 Gill & J. 65; Frary v. Dakin, 7 Johns. 75; United States Bank v. Smith, 11 Wheat. 172; Stilson v. Tobey, 2 Mass. 521; State v. Williams, 77 Mo. 463; Winslow v. Plimpton, 134 Mass. 44; Waite v. Palmer, 78 Pa. 192.

*James T. Buchanan*, *Montooth Bros.* with him, for appellee.— Counsel for defendant contends that the verdict in this case does not cure the defect in plaintiff's statement, and in support of said contention cites several authorities from other states, but we would respectfully refer to the following cases and decisions of this state upon this question: Bailey v. Musgrave, 2 S. & R. 219; Ordroneaux v. Brady, 6 S. & R. 510; Catherwood v. Kohn, 7 Pa. 392; Shoenberger v. Hackman, 37 Pa. 87; Kraft v. Gilchrist, 31 Pa. 470; Neel v. Neel, 59 Pa. 347.

The answer to the second exception is that the defendant did not request any such instruction. Error cannot be assigned upon a point not made in the court below: Dorman v. Turnpike Co., 3 Watts, 126; Maus v. Maus, 6 Watts, 275; Pitt Twp. v. Leech, 12 Pa. 33; Uplinger v. Bryan, 12 Pa. 219; Wright v. Wood, 23 Pa. 120.

Where no exception is taken in the court below to the matter that may there be amended, it will be considered as waived: In re Penna. Hall, 5 Pa. 204; Rank v. Rank, 5 Pa. 211; Erie City v. Schwingle, 22 Pa. 384.

PER CURIAM, February 17, 1896:

This case appears to have been tried on its merits without strict regard to the questions of fact presented in the affidavit of defense. Testimony was accordingly introduced that war-

ranted the learned trial judge in charging as complained of in the first specification. After such testimony has been received, without objection, and the case submitted to the jury on the evidence thus before them, it is too late to complain of the introduction of testimony that was not strictly relevant under the issue presented by plaintiff's statement and the defendant's answer thereto. We find no error in the record, of which the defendant has any just reason to complain.

Judgment affirmed.