## Ogden v. Belfield, Appellant.

*Practice, C. P.—Allegata and probata—Variance—Failure to object—Trial.*

Where testimony is received without objection which might not be admissible under a strict construction of the pleadings, and the issues of fact thus raised are submitted to the jury to be determined by them from the evidence, a verdict following such a trial on the merits will not be set aside, and judgment non obstante veredicto entered, because of a variance between the allegations and the proof.

If the evidence had been objected to on the trial the plaintiff's statement could easily have been amended; and if amendable in the court below, after a trial on the merits this court will not reverse, but consider the statement as amended.

Argued November 20, 1923. Appeal, No. 314, Oct. T., 1923, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1921, No. 342, on verdict for plaintiff in the case of Richard Ogden, trading as C. G. Ogden & Co., v.

534, (1924).]    Arguments—Opinion of the Court.

Percy C. Belfield.    Before ORLADY, P. J., PORTER, HEN-
DERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.
Affirmed.

Trespass for goods sold and delivered.    Before BROOM-
ALL, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $382.22, and judg-
ment thereon.    Defendant appealed.

*Error assigned* was refusal of defendant's motion for
judgment non obstante veredicto.

*Robert G. Erskine,* and with him *Geary & Rankin,* for
appellant, cited: Shaw v. Fleming, 143 Pa. 104; Wilkin-
son Mfg. Co. v. Welde, 196 Pa. 508; Cleaver v. Garner,
133 Pa. 419; National Bank v. Lake Erie Asphalt Block
Co., 233 Pa. 421; Hale v. Hale, 32 Pa. Superior Ct.
37; Leh. v. D., L. & W. R. R. Co., 30 Pa. Superior Ct.
396.

*Garrett & Smedley,* for appellee, cited: Galbraith v.
Philadelphia Company, 2 Pa. Superior Ct. 359; Robin-
son v. Snyder, 25 Pa. 203; Adamson's App., 110 Pa. 459;
McMeen v. Commonwealth, 114 Pa. 300.

OPINION BY KELLER, J., February 29, 1924:

Plaintiff sued in assumpsit upon a book account for
merchandise sold and delivered defendant at his instance
and request or at the instance and request of his agent
or employee.    He proved, without objection, that the
materials in suit had been ordered by one Brannan, who
was building a barn for the defendant, professedly on
the latter's behalf; that they were charged against de-
fendant and delivered on his premises and were used in
the construction of his barn; that on receipt of a bill
from the plaintiff defendant at first refused to pay for

the goods, but when the plaintiff threatened to file a mechanic's lien, he agreed to pay for them. This was denied by defendant and was the issue of fact submitted to the jury. Their verdict sustains the plaintiff's contention.

We are now asked to enter judgment non obstante veredicto because of a variance between the allegata and probata, since the statement contained no reference to the promise of the defendant to pay the bill following the threat to file a mechanic's lien.

Apart from the question whether the subsequent promise of the defendant to pay might be considered a ratification by him of Brannan's purchase of the goods on his account and therefore within the allegata of the statement, it is well settled that where testimony is received without objection which might not be admissible under a strict construction of the pleadings and the issues of fact thus raised are submitted to the jury to be determined by them from the evidence, a verdict following such a trial on the merits will not be set aside and judgment non obstante veredicto entered because of a variance between the allegations and the proof: Saxman v. McCormick, 278 Pa. 268; Boyd v. Houghton, 269 Pa. 273; Hanley v. Waxman, 80 Pa. Superior Ct. 274.

If the evidence had been objected to on the trial the plaintiff's statement could easily have been amended: Brown v. Gilmore, 92 Pa. 40; N. Y. & Pa. Co. v. N. Y. Cent. R. R., 267 Pa. 64, 77; and if amendable in the court below, after a trial on the merits this court will not reverse, but consider it as amended: Shoenberger v. Hackman, 37 Pa. 87; Mathias v. Sellers, 86 Pa. 486; Arons v. Smit, 173 Pa. 630; Waite v. Palmer, 78 Pa. 192.

The assignment of error is overruled and the judgment is affirmed.