# Hutchinson *v*. Zeiger et ux., Appellants.

*Negligence—Defective floor—Iron grating covering register—Case for jury—Insufficient statement—Waiver.*

In an action of trespass to recover damages for personal injuries, a verdict for the plaintiff will be sustained, where the evidence established that the plaintiff, while a customer in the defendants' store, stepped on the register in the floor of the shop, and that the iron grating covering the register was broken or gave way, letting her foot go down into the register pipe, causing her to fall, with the resulting injuries complained of; and there was testimony to warrant a finding that the defendants had knowledge of such defective condition.

Where the statement of claim alleged that the negligence consisted of a large hole or cavity in the floor, it should have been amended to comply with the facts. But where the case was tried without objection on the theory corresponding with the proof, the appellate court will consider it as amended.

The findings of the judge of a Municipal Court who tried the case, without a jury, will not be disturbed, if there was evidence to justify them.

Argued October 11, 1926. Appeal No. 70, October T., 1926, by defendants from judgment of Municipal Court,

Philadelphia County, July T., 1924, No. 979, in the case of Louisa Hutchinson v. Theodore Zeiger and Sarah Zeiger, his wife. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass for personal injuries. Before BROWN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $432. Defendants appealed.

*Errors assigned,* among others, was the judgment of the Court and refusal to grant a new trial.

*David S. Malis,* for appellants.

*Albert T. Hanby,* for appellee.

OPINION BY KELLER, J., December 10, 1926:

Much of the confusion incident to this case was due to the inaccuracy of the averments in the plaintiff's statement. It declared that the defendants who were storekeepers in the City of Philadelphia negligently permitted a large hole or cavity to remain in the floor of their store, and that plaintiff, while in said store for the purpose of transacting business with said defendants, tripped over and fell into said hole, causing her injury, etc. The proof was that plaintiff went into defendants' store to purchase a pair of shoes and that when about to leave she stepped on a register in the floor of the shop and that the iron grating covering the register was broken or gave way, letting her foot go down into the register pipe and causing her to fall with the resultant injuries complained of. Strictly speaking, the statement should have been amended to accord with the evidence, but as the

case was tried without objection on the theory corresponding with the proof, we may consider it as amended: Ogden v. Belfield, 82 Pa. Superior Ct. 534, 536. The defense was that there was no defect in the floor and that the plaintiff suffered no injury.    The learned judge of the Municipal Court who tried the case without a jury found for the plaintiff and his finding will not be disturbed if there was evidence to justify it. While the plaintiff's evidence was not very explicit we are of opinion that her account of her colloquy with Theodore Zeiger immediately after the accident contained enough to warrant a finding by a jury (or in this instance, by the judge), that the defendants knew of the existence of the broken or insecure register grating prior to the plaintiff's accident; and if so, they were negligent in inviting customers into the room without fixing or securely fastening it.    None of the cases relied upon by appellant are in point, for in none of them was it shown that the defendant had prior knowledge of the alleged defect causing injury to the plaintiff.

The assignments of error are overruled and the judgment is affirmed.