# Hoeveler-Stutz Company, Appellant, v. Cleveland Motor Sales, Rossman and Knisel.

*Bailment—Automobile—Lease for purpose of sale—Right of bailor against purchaser from bailee—Evidence—Parties—Legal and use-plaintiff—Rights of.*

In an action of replevin for an automobile, it appeared that the car had been delivered by the distributor of such car to the defendant, a dealer, upon a bailment lease, which was assigned to the use plaintiff. Later the dealer sold the car to the intervening defendant. The evidence established that the car was delivered to the dealer for the purpose of sale. Judgment was entered for the intervening defendant.

A distributor cannot deliver automobiles or any other kind of property to a dealer for the purpose of having the latter sell them and at the same time tie up the title as respects the purchaser from the dealer, by executing a bailment for their use. He cannot use this form of security for a transaction which contemplates a sale by the so-called bailee, and make the purchaser an unwitting guarantor

of the credit of his dealer. This contract which constitutes a valid form of security for the delivery of motor cars or other personal property to the using public cannot be extended to protect a manufacturer or distributor who furnishes them to a dealer to sell, at least, as against purchasers from the latter. A bailment for use is inconsistent with a delivery for sale, as respects purchasers from the dealer.

Where the evidence showed a valid sale of the automobile, the state of accounts between the purchaser and a finance Company which furnished the money is immaterial.

In such case the right to recover is founded on the claim of the legal plaintiff and whether this right remains in it or has passed to the assignee is immaterial. The only question which will be considered is the right of the legal plaintiff at the time of the assignment.

*Assignments of error—Answers—Failure to quote—Rule 26.*

Assignments to the admission of evidence which fail to quote the evidence admitted in answer to the questions objected to violate Rule 26 of the Superior Court.

Argued October 24, 1927. Appeal No. 113, October T., 1927, by plaintiff from judgment of C. P., Blair County, October T., 1925, No. 102, in the case of Hoeveler-Stutz Company, a Corporation, for Use of Automobile Guarantee Corporation, v. Cleveland Motor Sales, R. R. Rossman and Wm. B. Knisel. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Replevin for automobile. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant in the sum of $2,500.00 and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and refusal of plaintiff's motions for a new trial and judgment non obstante veredicto.

*E. Lowry Humes* and with him *D. Lloyd Claycomb* and *Daniel S. Horne* for appellant.

*John F. Sullivan* and with him *John J. Haberstroh* for appellee.

OPINION BY KELLER, J., March 2, 1928:

Eighteen assignments of error have been filed in this appeal. At least nine of them (Assignments 3, 4, 5, 6, 7, 12, 13, 14 and 16) violate rule 26 of this court. All of these relate to the admission of evidence over the plaintiff's objection. They quote verbatim the question, the objection thereto, and the ruling of the court, but do not give the answer, (i. e. 'the evidence admitted'), by which alone we can determine whether the plaintiff was harmed by the court's ruling. It is only in rare cases (such as when in criminal prosecutions a question is asked the defendant affecting his character, contrary to the Act of March 15, 1911, P. L. 20; see Com. v. Brown, 264 Pa. 85, 90) that a party is hurt by the asking of a question; it is the answer which is injurious. While not compelled to do so, we would ourselves have looked up the answers in the record, but the citations to the record in the 3rd, 4th, 5th and 14th assignments are not accurate, and the names of the witnesses are not even given, so that we might refer to the index for their testimony. As to the 6th and 7th assignments which were accurately paged, we consider the evidence admitted relevant and admissible. As pointed out at more length hereinafter the plaintiff's case stands or falls on the title and right of possession of the legal plaintiff to the automobile in suit; and the evidence objected to under these assignments bore on that right. The answer following the objection noted in the 12th assignment ("I was introduced to him by Roy Closson in the Cleveland Sales room") could not possibly have injured the plaintiff. The evidence admitted following the objection in assignment 13 was, we think, relevant. It referred to a conversation between the legal plaintiff's representative and the intervening defendant, Knisel,

as to the payments made by the latter to the purchaser or bailee of the legal plaintiff. As to the question objected to under the 16th assignment, it was not answered at all.

Without considering the remaining assignments *seriatim* we think they sufficiently bring to our attention the real issue involved in this appeal, viz., the right of the legal plaintiff, under the evidence in the case, to retake the automobile in suit from the intervening defendant, Knisel. We say, the right of the legal plaintiff,—for as this action was brought, the use plaintiff's right is limited and determined by the right of the legal plaintiff. If the latter is entitled to the possession of the automobile as against the intervening defendant so is the former; if the legal plaintiff is not so entitled, neither is the use plaintiff. By bringing the action in this form, the plaintiff secures certain advantages; e. g. the action is not affected by the legal plaintiff paying to the use plaintiff the amount guaranteed the latter under the assignment of the bailment lease. But it carries with it the attendant disadvantages; the use plaintiff's rights rise no higher than, and are concluded by, the legal plaintiff's rights at the time of the assignment: Howes v. Scott, 224 Pa. 7. ''The suit being brought in the name of the legal plaintiff, his right alone is in question and it may be recovered upon or defended against, as the defendant is not permitted to dispute the form of the action as presented by his record. A person for whose use a suit is brought need not show a right in himself; all that is necessary is to show the legal plaintiff's right to recover:'' C. H. Hardy Auto Co. v. Posey, 50 Pa. Superior Ct. 399, 403. ''The right to recover is founded on the claim of the legal plaintiff, and whether this right remains in him or has passed to the assignee is immaterial:'' American Mfg. Co. v. S. Morgan Smith Co., 25 Pa. Superior Ct. 176, 183; E. & S. Motor

Transportation Co. v. World Fire & Marine Co., 92
Pa. Superior Ct. 235, decided Dec. 14, 1927.

Coming, then, to the evidence in the case we find
that on April 20, 1925, the legal plaintiff, Hoeveler-
Stutz Co., which was a distributor of Stutz motor cars,
entered into an agreement with the defendant, Ross-
man, trading as Cleveland Motor Sales, known as a
'Dealer's Selling Agreement for the sale of S t u t z
Motor Cars', by the terms of which the latter was to
purchase at least ten Stutz motor cars from the dis-
tributor aforesaid for sale at prices fixed in the agree-
ment. The agreement is too long to be incorporated
into this opinion but it clearly contemplates the furn-
ishing of motor cars by the distributor to the dealer
to be sold by the latter, and for no other purpose; to
be paid for by the latter on delivery or on sight draft
with bill of lading attached.

The motor car in suit was admittedly furnished by
the legal plaintiff to the defendant under that agree-
ment and was one of the cars contracted to be bought
by the latter under its provisions. It was likewise ad-
mittedly furnished by the legal plaintiff to the defend-
ant for the purpose of sale, not for use by the latter.
The evidence on this point is undisputed. The legal
plaintiff's vice-president and sales manager was asked
"You knew it was going into his possession for re-
sale?" and answered: "Yes sir." Instead, however,
of sending the car with a sight draft attached to bill
of lading, the plaintiff endeavored to make a credit
sale secured by bailment lease.

The bailment lease is a well recognized form of con-
tract long used in this state by one who delivers prop-
erty to another for the latter's use, accompanied fre-
quently by a contract for a sale and transfer of the
property to the bailee when he has complied with all
the terms of the bailment and paid the full contract
price. By its very terms it contemplates a possession
by the bailee for use, not for sale. As far back as Rowe

v. Sharp, 51 Pa. 26, 30, (1865) Mr. Justice AGNEW said: "By its terms it is clearly a *bailment for use* (inaccurately termed a lease), with a provision for a sale in case the price of the tables should be fully paid. The possession was delivered to Goff upon the express terms that he was to take the tables to his place of business in Pennsylvania, keep them, and not remove them without Sharp's written consent, and would surrender them at the end of nine months, or sooner, on Goff's failure to pay the installments as they fell due; and a title or bill of sale was only to be made on full payment of the price. The transaction is clearly a bailment of the possession, with an agreement for a future sale conditioned on the prepayment of the price." It was never contemplated in such a transaction that the bailee received the property from the bailor for the purpose of sale, but only for use. Using the form of this contract which is a valid form of security where a bailor delivers possession of property to a bailee for the latter's use, the legal plaintiff endeavored to extend its provisions so as to cover a delivery of possession for the purpose of sale. We not only have the admission above-quoted, but the legal plaintiff sent a representative at intervals to check up the cars sold by the dealer and made no objection to the sale of the car in suit to the intervening defendant until the dealer failed to pay for the car at the expiration of the credit period, 90 days; and it is supported by the terms of the instrument, which provide for a consideration of $2077.57 payable $398.13 down and the balance $1679.44 in 90 days. The evidence justified a finding by the jury that the use plaintiff knew that Rossman was a dealer under the legal plaintiff and that the car in suit was delivered him for sale, in part effectuation of the beforementioned dealer's selling agreement. These circumstances are, in our judgment, incompatible with a bailment for use, as respects a purchaser from the

bailee. A distributor cannot deliver automobiles, or any other kind of property, to a dealer for the purpose of having the latter sell them, and at the same time tie up the title, as respects a purchaser from the dealer, by executing a bailment for their use. He cannot use this form of security for a transaction which contemplates a sale by the so-called bailee, and make the purchaser an unwitting guarantor of the credit of his dealer. This contract which constitutes a valid form of security for the delivery of motor cars or other personal property to the using public cannot be extended to protect a manufacturer or distributor who furnishes them to a dealer to sell, at least, as against purchasers from the latter. There are other forms of security which may be resorted to in such cases; but a bailment for use is inconsistent with a delivery for sale, as respects purchasers from the dealer.

This feature of the case distinguishes it, in our opinion, from Leitch v. Sanford Motor Truck Co., 279 Pa. 160. In that case it was not shown that the truck was delivered to the bailee for sale by him. While the report of the case shows he was a dealer in trucks there is nothing in that fact necessarily inconsistent with a delivery for use. It may have been intended solely for demonstration or other employment by the bailee. At any rate it did not affirmatively appear there, as here, that the purpose of delivering the car to the dealer was that he should sell it. And the opinion in that case, (p. 164) recognizes that the owner, even in a bailment for use, may for his own advantage permit the bailee so to act with the property as to mislead or deceive the public and thus lose the advantage of his bailment security. It does not, as we read it, hold that a bailment for use may be employed as the means of securing a credit sale where the intention of both parties is that the goods furnished under it are to be sold, and not retained for use, by the receiver. That fact,

if admitted, as in this case, controls the transaction, whatever the language used in the instrument, and confers authority on the dealer to make the sale and pass the title to the purchaser.

We do not think the appellant was surprised or hurt by the admission in evidence of the bailment from Cleveland Motor Sales (Rossman) to Knisel and its assignment to the Manufacturers' Finance Co. or that it effected any essential variance in the issue.   In his petition for leave to intervene as a defendant, Knisel had distinctly averred that he purchased the motor car in suit from Rossman for the sum of $2660, "being paid part cash, the turning in of a Hudson Speedster, and the execution of a lease in the sum of six hundred and twenty-five dollars." The undisputed evidence on behalf of the intervening defendant showed a complete conveyance of the title of the car in suit by Rossman, (trading as Cleveland Motor Sales), to Knisel and the Manufacturers' Finance Co., between them; the payment by Knisel of $2,035 on account, and his obligation to pay the Finance Co. the remaining $625, when the full title to the car would be his; and his right to its possession until the payments called for were made or defaulted. It was not shown that the payments were not made as required; but in any event such default would not have given Rossman any right to its recapture or possession. He assigned not merely the contract but the property, as well, and was not affected by, or interested in, the subsequent developments. If any formal amendments should have been made to the pleadings they can in the circumstances of this case be considered as made, for the facts were known and were in the record:   Waite v. Palmer, 78 Pa. 192.

The appellant, being the plaintiff in this action, must recover the property on the strength of his right of property and possession, not on the weakness of his adversary's. He must show at the time of instituting

suit a general or special property in the subject matter of the action together with the right of immediate possession as against his adversary in the suit, and if his evidence discloses a valid sale of the property by the person to whom he delivered it for sale, the state of the account between the purchasers and their interests in the property as between themselves is a matter of no concern to him—at least if it appears that his adversary's right to the present possession of the property is not in question.

The assignments of error which do not violate our rules are overruled; the others are dismissed. The judgment is affirmed