# Oldfield Motor Sales Company et al., Appellant, *v.* Fela et al.

*Replevin—Automobile—Bailment—Evidence.*

In an action of replevin for an automobile instituted by the assignee of a bailment lease under which the car was delivered to the defendant, a finding for the intervening defendant will be sustained where the evidence was conflicting as to whether the intervening defendant sold the car to the bailor or only lent it to him for demonstrating purposes.

118   OLDFIELD M. S. CO. et al., Appel., *v.* FELA et al.

Statement of Facts—Opinion of the Court.   [93 Pa. Superior Ct.

Submitted March 5, 1928.   Appeal No. 36, February T., 1928, by defendant from judgment of C. P., Luzerne County, March T., 1926, No. 692, in the case of Oldfield Motor Sales Company, Assigned to General Motors Acceptance Corporation, v. Frank Fela, Defendant, Edward Fox, Intervening Defendant.   Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Replevin for an automobile.   Before JONES, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the intervening defendant.   Plaintiff appealed.

*Errors assigned* were to the court's findings of facts and conclusions of law.

*Robert J. Doran,* and with him *Reynolds & Reynolds,* for appellant.

No appearances and no printed brief for appellee.

OPINION BY KELLER, J., March 16, 1928:

This action in replevin for a Rickenbacker automobile narrowed down to a single issue of fact, viz., did Fox, the intervening defendant, who was a distributor of Rickenbacker cars in Wilkes-Barre and vicinity, *sell* the car in suit to the legal plaintiff, William H. Oldfield, Jr., trading as Oldfield Motor Sales Co., or only *lend* it to him for demonstrating purposes.

Oldfield delivered the car to the defendant, Fela, under a bailment lease, containing the usual clause for a sale on nominal consideration when the "rental" was fully paid.   This lease Oldfield immediately sold and assigned to the use plaintiff, General Motors Ac-

ceptance Corporation. About a month and a half later Oldfield, on some pretext, induced Fela to send the car back to him and he turned it over to Fox, who had demanded its return, alleging that he had only lent the car to Oldfield for demonstrating purposes. The General Motors Acceptance Corporation then issued this writ of replevin, in the name of Oldfield as the legal plaintiff, and took the car from Fox, who intervened as defendant.

The use plaintiff's rights rise no higher than those of the legal plaintiff, (Hoeveler-Stutz Co. v. Cleveland Motor Sales et al., No. 113, October T., 1927, 92 Pa. Superior Ct. 425), and if he was not entitled to the possession of the car as against Fox, neither is it. Fela has not appealed. The use plaintiff does not represent him in this issue nor stand in his shoes.

The issue of fact thus raised was for the judge sitting without a jury to decide. If the case had been tried before a jury, binding instructions could not have been given for either party, for the evidence raised an issue of fact. It did not require a finding that Fox had sold the car to Oldfield, or delivered it to him for sale, or clothed him with authority to sell it. See Hoeveler-Stutz Co. v. Cleveland Motor Sales, supra. The judge's finding in favor of Fox was supported by competent evidence and has the force of a verdict of a jury. We cannot disturb it any more than we could the verdict of a jury on the same evidence.

The assignments of error are overruled and the judgment is affirmed.