Nemirovsky v. DeSanno, Jr., Appellant.

Argued October 16, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

352

*Peter P. Zion,* for appellant.

*J. Joseph Stratton,* for appellee.

OPINION BY LINN, J., November 14, 1928:

Plaintiff sued for the price of a second hand machine sold to defendant with leave to return it in 30 days, if it proved unsatisfactory. The conflict in the evidence offered to support the issues made by the parties in their pleadings concerned the condition of the machine when delivered and the character of the use or test to which the machine was subjected by defendant.

There was evidence from which the jury might have found that the machine was in such defective condition when delivered to defendant as to justify defendant in declining to retain and pay for it. On the other hand there was evidence that the machine was delivered in good condition and that (in the words of the charge) "the complaint against this machine was due to the fact that inexperienced workmen operated it, and if after overloading it they operated it at too great a speed for its capacity to stand, [and] if that is the reason the screw broke and the machine became virtually defective," the jury was told, it might find for the plaintiff. We do not understand that the charge authorized the jury to find that defendant became insurer of the machine while in its custody, as appellant suggests in his brief. The charge must be read as a whole. The trial judge distinctly put the two im-

portant questions to the jury: in substance, whether the evidence showed that defendant exercised ordinary care in the use of the machine; and whether the price was $375 as plaintiff contended, or $200 as defendant testified.

The other questions concerning the book account, variance and admissibility of evidence (see Ogden v. Belfield, 82 Pa. Superior Ct. 534) considered in appellant's brief do not merit discussion.

Judgment affirmed.