## General Motors Acceptance Corporation v. Wiest et al.

*David Sharman, Jr.*, for plaintiff; *Stevens & Lee*, for defendants.

SCHAEFFER, P. J., December 5, 1930.—The plaintiff brought this suit in replevin to recover possession of an automobile which is in the possession of the defendant, Schmidt. In February, 1929, the car in question was the property of the Reading Oldsmobile Company, for whom Wiest was an agent or associate dealer in the village of Tulpehocken. Upon the payment of one-third of the purchase price of the car in cash and the execution by Wiest of a lease for the car providing for monthly payments on account of the balance due, the Reading Oldsmobile Company delivered the car to the defendant Wiest. The president of the Reading Oldsmobile Company admitted that the car was delivered to Wiest for the purpose of sale. At the same time an application was made by Wiest to the Pennsylvania Department of Highways for a certificate of title to said car. In said application the information required, including engine and manufacturer's numbers, was correctly given and an encumbrance in favor of this plaintiff noted for $570. The Reading Oldsmobile Company assigned the lease to the plaintiff, to whom the certificate of title was also delivered. Wiest took the car to his place of business. Some time thereafter the defendant Schmidt came to that place of business and after some negotiations purchased the car from Wiest, paying some cash and giving his used automobile and some tires in satisfaction of the balance. At that time Schmidt signed an application for an original certificate of title to said car, which application Wiest sent to the Department of Highways. In due course, Schmidt received a certificate of title from Harrisburg. This second application for title set forth the same engine number and manufacturer's number and other description of the car, precisely as did the former application for title. But the second application did not set forth the encumbrance in favor of plaintiff. The second application, instead of being an application for a transfer of the title from Wiest, was an application for the original registration of a new car purchased from Wiest as a dealer.

Schmidt denied all knowledge of the former title and of the encumbrance in favor of plaintiff. There was, in fact, no testimony tending to show affirmatively that Schmidt had any knowledge of the true facts. Wiest also testified that he had told Schmidt nothing concerning the encumbrance or the original title.

The jury returned a verdict in favor of the defendant Schmidt. There are no exceptions to the charge of the court or to any rulings upon evidence.

The fraud on the part of Wiest is admitted by him. We charged that the rights of the plaintiff rose no higher than the rights of the lessor, the Reading Oldsmobile Company, and that where a lessor permits an agent to deal with the car leased in his own place of business as if it were his own property, and has knowledge of the fact that the lessee is displaying and demonstrating it with the purpose of selling it, the lessor cannot assert its rights against an innocent purchaser for value who comes to the lessee's place of business and buys the car in good faith: Hoeveler-Stutz Co. v. Cleveland Motor Sales Co., 92 Pa. Superior Ct. 425. Under the facts, there was no duty upon the part of Schmidt to make any inquiry of the Department of Highways concerning the title other than he in fact did when he made application, correctly setting forth the engine number, etc., for a certificate of title. The verdict of the jury was a finding that Schmidt had no knowledge of the encumbrance in favor of plaintiff nor of any rights on the part of the plaintiff in or to said car.

And now, to wit, December 5, 1930, the rules for a new trial and for judgment non obstante veredicto are discharged.

From Charles K. Derr, Reading, Pa.