## Charles Bianchi & Sons v. Ogozalik, etc., et al.

*Daniel P. Dougherty*, for plaintiff.
*W. D. Lewis*, for defendants.

THOMAS, P. J., August 12, 1938.—This is an action in replevin. The parties have presented to the court a case stated, wherein they set forth the following:

"1. Plaintiff is a corporation, duly incorporated under the laws of the State of Vermont, with its principal office at Barre, Washington County, Vt.

"2. Defendant is a resident of the Borough of Lansford, Carbon County, Pa., and claimant, Mary Ogozalik, wife of defendant, is a resident of the same place.

"3. On April 13, 1934, an agreement was entered into between plaintiff and defendant whereby plaintiff shipped and defendant received seven monuments, which monuments are described in said agreement, which agreement is hereto attached, made a part hereof and marked Exhibit A. Said agreement was never recorded or filed as a bailment lease or conditional sales contract in the Office of the Prothonotary at Mauch Chunk, Carbon County, Pa.

"4. Plaintiff issued a writ of replevin for the following described three monuments:

#523B-die 2-8 x 0-10 x 3-6 two pol. 1
   carved base 4-0 x 1-6 x 1-0      $180.00
#507D-4-0 x 0-10 x 2-8, two pol. 1
   carved base 5-4 x 1-6 x 1-0      218.00
#509F-die 4-0 x 0-10 x 2-8, two pol. 1
   carved base 5-4 x 1-6 x 1-0      225.00

"5. Mary Ogozalik, claimant above named, filed a counter bond and claimed title to the above-described three monuments by reason of the fact that on January 11, 1935, she purchased the same at a sheriff's sale. The sheriff's sale was held upon a writ of scire facias out of the Court of Common Pleas of Carbon County wherein Anthony Babula was the plaintiff and John Ogozalik the defendant, and the above described monuments were sold by George T. Morgans, Sheriff of Carbon County, at public sale to Mary Ogozalik, wife of John Ogozalik, for the sum of $20.51, or for the amount of costs due.

"The following question is therefore submitted for the determination of Your Honorable Court:

"1. Whether, under the above-stated facts, claimant received a good title as against the above-named plaintiffs or whether her title is void as against the title of plaintiffs.

"If, under the above facts, claimant has title to the property above described, then judgment shall be entered for claimant, but if not then judgment to be entered for plaintiffs. The costs to follow the judgment and any of the parties hereto to have the right of appeal from the judgment of the court."

These goods were delivered by plaintiff to defendant on the following agreement, to wit:

"This agreement made and entered into this 13th day of April, A. D. 1934, by and between Charles Bianchi & Sons, Inc., of Barre, Vermont, in the County of Washington and State of Vermont, and Lansford Monumental

Works, John Ogozalek, of Corner E. Patterson and Pardee Streets, Lansford, Pa., doing business at said address under the name of Lansford Monumental Works.

"That whereas said Charles Bianchi & Sons, Inc., are agreeable to ship the said Lansford Monumental Works of Cor. E. Patterson and Pardee Streets, seven (7) monuments on consignment as herewith listed:

| | |
|---|---|
| #578A-die 3-0 x 0-10 x 2-4, two pol. 1 carved base 4-2 x 1-6 x 0-10 | $112.00 |
| #523B-die 2-8 x 0-10 x 1-6, two pol. 1 carved base 4-0 x 1-6 x 1-0 | 180.00 |
| #511C-die 3-6 x 0-10 x 2-6, two pol. 1 carved base 4-10 x 1-6 x 1-0 | 166.00 |
| #507-D-die 4-0 x 0-10 x 2-8, two pol. 1 carved base 5-4 x 1-6 x 1-0 | 218.00 |
| #667E-die 3-6 x 0-10 x 2-4, two pol. 1 carved base 4-8 x 1-6 x 0-10 | 132.00 |
| #509F-die 4-0 x 0-10 x 2-8, two pol. 1 carved base 5-4 x 1-6 x 1-0 | 225.00 |
| #511G-base 4-4 x 1-6 1-0 - die 3-0 x 1-10 x 2-6, two pol. 1 carved | 132.00 |

"Whereas, there has been an understanding and agreement between the said Charles Bianchi & Sons, Inc., and John Ogozalek of the Lansford Monumental Works that the said Monuments shall remain the property of the said Charles Bianchi & Sons, Inc., until paid for, and that as and when said monuments are sold, the price as listed above against each particular monument as numbered shall be paid to Charles Bianchi & Sons, Inc.

"Whereas, said monuments are on hand and in the possession of said Ogozalek of the Lansford Monumental Works:

"Now, therefore, to avoid any misunderstanding and to confirm the terms and conditions of the understanding hereinbefore mentioned, this memorandum of agreement is made in which it is mutually agreed between the parties hereto as follows:

"1. The said monuments and each and every one of them it is understood and agreed, are and shall continue to be the sole and separate property of said Charles Bianchi & Sons, Inc.

"2. Said monuments are to be in possession of said John Ogozalek of the Lansford Monumental Works, as agent of said Charles Bianchi & Sons, Inc.

"3. Said Charles Bianchi & Sons, Inc., are to have the right and privilege to enter the premises of John Ogozalek of the Lansford Monumental Works, at any time to take possession of said monuments and remove elsewhere.

"4. Said John Ogozalek, Lansford Monumental Works, will use their best efforts to sell and dispose of said monuments at the earliest possible date, but only to parties whom they know are good and will promptly pay for the same, and as sold will refund to the said Charles Bianchi & Sons, Inc., the sum listed against each properly numbered monument or execute and deliver to said Charles Bianchi & Sons, Inc., an order on the purchasers for the payment of such monument.

"5. If any sale is contemplated wherein it is not known that party is perfectly good for prompt payment, or there is any question regarding the matter, then in that event no sale shall be consummated unless and until said Charles Bianchi & Sons, Inc., is advised and his approval obtained in writing.

"6. The said Charles Bianchi & Sons, Inc., permits the sale of said monuments in the name of the said Lansford Monumental Works, for the reason that the said John Ogozalek is in business and the transaction in his, said John Ogozalek's, Lansford Monumental Works' name would seem more advantageous inasmuch as sales will be made in the territory where said Lansford Monumental Works is conducting business, but this privilege will not operate to change the force of this contract that the said Lansford Monumental Works in making such sale, is in fact acting as agent of said Charles Bianchi & Sons, Inc.

"7. It is mutually agreed that as soon as the said principal sums as listed in this agreement is paid to Charles Bianchi & Sons, Inc., then this contract terminates, and full and complete title in said monuments shall vest in said John Ogozalek, Lansford Monumental Works, but not otherwise nor until then.

"In Witness Whereof, we hereunto set our hands and seals, to this instrument in duplicate, this 13th day of April, A. D. 1934.

"CHARLES BIANCHI & SONS, Inc.
by A. A. Bianchi
"Lansford Monumental Works
by John Ogozolek"

The question before the court is whether under the agreement this was a conditional sale. Defendant maintains that it was a conditional sale under the Uniform Conditional Sales Act of May 12, 1925, P. L. 603, section 5 of which provides as follows:

"*Conditional Sales Void as to Certain Persons.* Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy thereof shall be filed, as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

It is admitted that the agreement was not filed.

"Frequently a particular transaction or agreement has elements characteristic of both a bailment and a sale, and in determining the character of the transaction, the cardinal principle governing the construction of all contracts prevails; that is, the intention of the parties controls and this intention must be determined from a construction of the agreement as a whole, giving effect, if possible, to all parts": 23 R. C. L. sec. 24, p. 1207.

" 'A [vendor] cannot deliver . . . any . . . kind of property, to [another] for the purpose of having the lat-

ter sell [it], and at the same time tie up the title, as respects a purchaser from the [vendee], by executing a bailment for [its] use. He cannot use this form of security for a transaction which contemplates a sale by the so-called bailee, and make the purchaser an unwitting guarantor of the credit [of the so-called bailee]. . . . A bailment for use is inconsistent with a delivery for sale': Hoeveler-Stutz Co. v. Cleveland Motor Sales, 92 Pa. Superior Ct. 425, at page 429: 'A delivery for sale is incompatible, as respects a purchaser from the consignee, with a bailment for use. An owner of goods cannot deliver them to a dealer for sale and secure the price by a bailment for use. The transaction, as a whole, confers authority on the dealer to make the sale and pass the title to the purchaser' ": S. F. Bowser & Co., Inc., v. Franklin Mortgage & Investment Co., 305 Pa. 459, 465.

In other words, if A hands over his goods to B, and B is to pay him a certain price if he sells, but is at liberty to sell on what terms he pleases, and B sells to C, the natural inference from these facts is beyond all doubt that it is a sale made to B and from B to C. Defendant was liable to pay for the monuments when he succeeded in finding a purchaser, but when he did sell he immediately became the principal and plaintiff ceased to have the right of a consignor and could not follow the goods or their proceeds as an undisclosed principal.

The agreement is good as between the parties, but not so between plaintiff and an innocent purchaser at sheriff's sale.

Plaintiff also complains that the wife had purchased these monuments for an inadequate price at the sheriff's sale. This question would have been met if there was a rule before the court to set aside the sale, or that when the levy was made by the sheriff she claimed the goods, but in this case the goods were sold on an execution by a stranger and the goods purchased by the wife. We know of no law, under the facts in this case, that would set aside the sale in interpleader proceedings. The court,

therefore, holds that this was a conditional sale, and, not being recorded as required by the act, judgment will have to be rendered in favor of claimant. The court finds, as requested, that claimant has a good title.

*Decree*

Now, to wit, August 12, 1938, after argument and due consideration, the court enters judgment for claimant, Mary Ogozalik, and against plaintiff, Charles Bianchi & Sons, Inc.